DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment of the Toledo Municipal Court granting appellee, Lake Seneca Property Owners Association ("Property Owners Association"), summary judgment against appellant, George R. Royer. The judgment awarded damages totaling $3,885, for claimed unpaid property association dues. *Page 2 
 {¶ 2} Appellee filed suit against appellant in Toledo Municipal Court on July 24, 2006, on the claim. Appellant filed an answer and counterclaim. On April 23, 2007, appellee filed a motion for summary judgment on both its claim for relief and appellant's counterclaim against it. The motion was supported by the affidavit of the assistant treasurer of the Property Owners Association and exhibits.
 {¶ 3} The trial court issued an order on July 25, 2007, granting the motion for summary judgment. The entry did not specify damages. On August 24, 2007, the trial court filed a judgment entry sustaining the motion for summary judgment and awarding judgment in favor of appellee and against appellant in the amount of $3,885, interest and costs. This appeal followed.
 {¶ 4} Appellant asserts two assignments of error on appeal:
 {¶ 5} "Assignments (sic) of Error Number One
 {¶ 6} "The Court erred by granting appellee summary judgment in this case.
 {¶ 7} "Second Assignment of Error Two
 {¶ 8} "Did the court erred in it (sic) final judgment granting summary judgment to plaintiff on the basis that appellate (sic) did not timelyto (sic) response (sic) to appellees motion for summary."
 {¶ 9} We address Assignment of Error Two first. The July 25, 2007, trial court order provided in pertinent part: "As Defendant has failed to respond to Plaintiffs motion for Summary Judgment in timely manner, Plaintiffs motion for Summary *Page 3 
Judgment found well-taken and granted." The trial court provided no other basis for its ruling.
 {¶ 10} Civ.R. 56(C) provides:
 {¶ 11} "* * *Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"
 {¶ 12} Summary judgment is proper where the moving party demonstrates:
 {¶ 13} "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
 {¶ 14} Material facts, for purposes of motions for summary judgment, are facts "that would affect the outcome of the suit under the applicable substantive law. Needham v. Provident Bank (1999),110 Ohio App.3d 817, 826, 675 N.E.2d 514, 519-520, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 *Page 4 
L.Ed.2d 202, 211-212." Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304.
 {¶ 15} Where a motion for summary judgment is made and supported by appropriate evidence showing the absence of a dispute of material fact, the burden shifts to the opposing party to present evidence showing the existence of a genuine issue of fact for trial: "* * * an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 16} Accordingly, under summary judgment procedure, for appellee to prevail on its unopposed motion for summary judgment, it must still meet its evidentiary burden under Civ.R. 56; that is, show the absence of a dispute of material fact and that it is entitled to judgment as a matter of law. The trial court erred in granting the motion on the sole basis that appellant failed to oppose the motion. Accordingly, Assignment of Error No. Two is well-taken.
 {¶ 17} Appellate courts review judgments granting motions for summary judgment de novo; that is, they apply the same standard for summary judgment as the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. If any of the grounds asserted by appellee in the trial court support the judgment, we must affirm, even if the trial court did not consider those grounds. E.g., Gouhin v. Giant Eagle, 10th Dist. No. *Page 5 
07AP-548, 2008-Ohio-766, ¶ 6; Coventry Township v. Ecker (1995),101 Ohio App.3d 38, 41-42. We conclude that this is such a case and that appellee was entitled to summary judgment on its claims on the merits.
 {¶ 18} Under Assignment of Error No. One, appellant asserts that the trial court erred in granting the motion for summary judgment. Appellant claims both that there are disputes of material fact that preclude summary judgment and that the motion is based on hearsay. A review of the record, however, demonstrates that appellee met its evidentiary burden under Civ.R. 56 and demonstrated the absence of a dispute of material fact and that it is entitled to judgment as a matter of law.
 {¶ 19} The undisputed evidence established that Lake Seneca Property Owners Association, Inc. is a not-for-profit corporation established to maintain and operate the Lake Seneca recreational area located in Williams County, Ohio. Deed restrictions on Lake Seneca property were filed and recorded in 1965.
 {¶ 20} It is undisputed that appellant holds title to Lot 424 within the Lake Seneca subdivision. Exhibit "D" to the motion for summary judgment is a certified copy of the quit-claim deed, recorded on November 23, 1998, conveying the property to appellant. The deed provides in pertinent part that the conveyance was "Subject to: easement and restrictions of record, taxes and assessments due and payable after date hereof, and all subdivision dues and charges to date." The deed restrictions themselves provide that they constitute covenants running with the land: "[t]hese restrictions shall be considered as *Page 6 
covenants running with the land, and shall bind the purchasers, their heirs, executors, successors, administrators, and assigns * * *."
 {¶ 21} On appeal, appellant has not disputed that the obligation to make the payments sought by appellee is an obligation imposed under authority granted the Property Owners Association in the deed restrictions. Nor has appellant disputed that the obligation to pay assessments and fees is owed under a covenant that runs with the land. Rather, appellant has claimed that obligations for payment of dues and assessments of the Property Owners Association are not properly chargeable against him personally. He claims that, as a subsequent owner of record of the real property, such obligations are enforceable as a lien against the property alone.
 {¶ 22} Appellant's argument is without merit. Summary judgment was properly granted the Property Owners Association as there is no dispute of material fact and that appellee is entitled to judgment as a matter of law. As a subsequent record owner of the real property, appellant was subject to the duty to pay dues and assessments, owing under the deed restrictions. Candlewood Lake Ass'n v. Scott, 10th Dist. No. 01AP-631, 2001-Ohio-8873, ¶ 8.
 {¶ 23} Appellant's contention that the motion for summary judgment was based on hearsay evidence, in violation of the requirements of Civ.R. 56(E), is without merit. The record includes certified copies of key documents — appellant's deed to his property and of the Lake Seneca deed restrictions. The Property Owners Association's assistant treasurer testified by affidavit concerning the property association's formation, maintenance *Page 7 
responsibilities, dues and fees. The affidavit affirmatively averred personal knowledge of financial transactions involving Lake Seneca including dues and assessments. The assistant treasurer has lived at Lake Seneca since 1972.
 {¶ 24} Assignment of Error No. One is not well-taken.
 {¶ 25} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1