OPINION
{¶ 1} Plaintiff-appellant, Janet L. Gouhin ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Giant Eagle ("appellee").
 {¶ 2} This matter arises out of an incident that occurred on September 2, 2003, on appellee's premises located at 1000 East Dublin-Granville Road in Columbus, Ohio. On September 2, 2003, appellant was using a walker for assistance due to hip replacement surgery that took place a year prior. According to appellant, as she was *Page 2 
walking through the electronic sliding doors located at the store's entrance, the right door went back into the closed position, struck her hip and caused her to fall to the ground and sustain injury. Appellant stated in her deposition that shortly after her fall she saw one of appellee's employees push the right door open as it had remained in the closed position.
 {¶ 3} On July 18, 2005, appellant filed this action against appellee asserting eight causes of action. On February 23, 2006, appellant filed an amended complaint asserting the same eight causes of action, but naming two additional defendants. The two additional defendants, Cleveland Door Controls, Inc. and The Stanley Works, Inc., were subsequently dismissed. On January 22, 2007, appellant filed a motion for summary judgment against appellee as to liability. Subsequent to the parties briefing the issue, the trial court denied appellant's motion on April 25, 2007. Appellee filed a motion for summary judgment on March 23, 2007. After the issues were briefed, the trial court granted summary judgment in favor of appellee on June 14, 2007. A judgment entry reflecting such action was filed on June 27, 2007. Appellant timely appealed and brings the following single assignment of error for our review:
 In its June 14, 2007, decision which granted Appellee's motion for summary judgment, the trial court erred by finding that Appellant did not meet her burden to place at issue that Appellee's negligence was a proximate cause of Appellant's fall and associated injuries sustained on September 2, 2003, at Appellee's business premises.
 {¶ 4} This matter was decided in the trial court by summary judgment. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there *Page 3 
is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 5} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
 {¶ 6} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41-42. *Page 4 
 {¶ 7} In order to establish actionable negligence, one seeking recovery must show the existence of a duty, a breach of the duty, and injury resulting proximately from the breach. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 285. The parties agree that appellant was a business invitee when the incident occurred at appellee's store. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers. Armstrong v. Best Buy Co., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 5, citing Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. A business owner, however, is not an insurer of a customer's safety. Id. at 203.
 {¶ 8} In a premises-liability action, the plaintiff proves the defendant's breach of duty if any one of three conditions is satisfied: (1) the defendant, through its officers or employees, was responsible for the hazard complained of; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) such danger existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. Sharp v. Anderson's, Inc., Franklin App. No. 06AP-81,2006-Ohio-4075, at ¶ 7, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589.
 {¶ 9} Appellant first argues appellee negligently failed in its duty to maintain the electronic sliding door at the premises. Specifically, appellant contends her expert opined in his report that since the sensing device was not defective, the only remaining reason for "spontaneous closure" of the door was "negligent setting of the sensor system." (Appellant's brief at 6.) *Page 5 
 {¶ 10} Appellee established in its motion for summary judgment and accompanying materials that visual inspections of the doors occurred daily. Appellee also established there is no evidence that any of its employees were aware of any prior malfunction in the door. Further, appellee established that after appellant's incident, the door was determined to be functioning properly. In summary, appellee established that even if the incident occurred as appellant described, there is no evidence that it was responsible for the incident, or that it had either actual or constructive knowledge of a defect sufficient to warrant either a remedy of the defect or a warning of its existence.
 {¶ 11} The report of appellant's expert, Dr. John F. Wiechel, states, in part, "it is not possible to evaluate the condition of the sensor at the time of the incident." (Jan. 11, 2007 report at 1.) The report also states, in relevant part:
 Based on the information reviewed and testing conducted to date, it is the opinion of SEA, Ltd. that the information currently available shows that there is no defect in the design or manufacture of the motion detector system on the subject door at Giant Eagle.
 It is also our opinion that the door closed due to the selection of the settings of the motion detection system and that these settings are specified by installation/maintenance personnel.
Id. at 1-2.
 {¶ 12} Contrary to appellant's assertion, Dr. Wiechel's report does not state the sensors were negligently set, or that the sensors were not set in accordance with industry standards. Further, there is no evidence that appellee was responsible for the setting of the sensors at issue. Thus, even in light of the expert report, to find in appellant's favor would require speculation and impermissible stacking of inferences, which is insufficient to create a genuine issue of material fact sufficient to preclude a granting of summary *Page 6 
judgment. "The mere occurrence of an injury does not give rise to an inference of negligence. Rather, `there must be direct proof of a fact from which the inference can reasonably be drawn.'" Sharp, supra, at ¶ 7, quoting Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, 319. See, also, Weaver v. Steak N' Shake Operations, Inc., Allen App. No. 1-05-91, 2006-Ohio-2505; Hughes v. The Kroger Co., Clermont App. No. CA2005-10-099, 2006-Ohio-879.
 {¶ 13} Appellant also argues that as evidence of appellee's course of conduct in failing to maintain the motion-sensing system of the door at issue, appellee negligently failed to follow the daily safety checklist provided by "Stanley," the installer of the door. However, as advanced by appellee and found by the trial court, there is no evidence that appellee was bound by the checklist, or that it was mandated for any reason to follow the "checklist."
 {¶ 14} Lastly under her assignment of error, appellant contends that the doctrine of res ipsa loquitor applies in the instance to create a logical inference that appellee negligently maintained the door at issue. Because appellant did not preserve this argument for appeal by presenting it in the trial court, she waived it, and therefore, we do not address it. See Hine v. Byler, Ross App. No. 07CA2961, 2008-Ohio-150
(because the appellant did not raise the doctrine of res ipsa loquitor in the trial court, she waived it on appeal); Cunningham v. Children'sHosp., Franklin App. No. 05AP-69, 2005-Ohio-4284 (stating that the trial court need not consider the doctrine of res ipsa loquitor because the appellant did not raise it before the trial court); Stuller v.Price (Sept. 20, 2001), Franklin App. No. 00AP-1355 (appellants waived the argument of the doctrine of *Page 7 
res ipsa loquitor by not properly raising it before the trial court);Abbott v. Haight Properties, Inc. (Aug. 28, 2001), Lucas App. No. L-98-1413.
 {¶ 15} Accordingly, we overrule appellant's single assignment of error.
 {¶ 16} Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1