[Cite as *Mercer v. Wal-Mart Stores, Inc.*, 2013-Ohio-5607.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sue E. Mercer, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-447 |
| v. | : | (C.P.C. No. 12CVC-05-5954) |
| Wal-Mart Stores, Inc. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 19, 2013

*Mann & Preston, LLP*, and *Mark A. Preston*; *Huffer and Huffer Co. LPA*, and *Roy H. Huffer*, for appellant.

*Reminger Co. LPA*, and *Nicole M. Koppitch*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Sue E. Mercer, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Wal-Mart Stores, Inc. and Wal-Mart Stores East L.P. (collectively referred to as "Wal-Mart" or "appellees"). For the following reasons, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} Appellant filed a complaint in the court of common pleas seeking damages for injuries she suffered on June 6, 2010 as a result of the alleged negligent acts of appellees. According to the complaint, while shopping at a Wal-Mart shopping center, appellant slipped and fell on a concrete floor due to water "leaking from the ceiling or the

roof." (Complaint, 2.) The complaint also alleged no signs were in place warning appellant of this condition. In response, appellees filed an answer denying the allegations of negligence.

{¶ 3} Discovery ensued, and on February 12, 2013, appellees filed for summary judgment arguing there was no evidence (1) that Wal-Mart caused the floor to become wet, (2) that Wal-Mart knew the floor was wet and failed to warn appellant, or (3) that the floor was wet for a period of time such that Wal-Mart had constructive knowledge of the condition. In support of their motion, appellees submitted appellant's deposition. According to appellant's deposition, she and her friend, Doug Ruble, were shopping in Wal-Mart between 12:00 and 2:00 p.m. on June 6, 2010. Appellant was "pretty sure it was sunshiny that day" when she fell in the condiment aisle. (Mercer Deposition, 25.) Appellant described the incident as follows:

> Well, I'm walking down the aisle, looking to – you know how you do; you're just looking at the shelves, trying to figure out exactly where whatever it is you're looking for is at.
>
> And it just – I hit – actually, it was my right foot. I'm pretty sure it was my right foot. Right? Yeah, that's the right side. I hit what I thought at the time was a patch of water.
>
> Of course, I didn't know that until after I rolled over and looked at it after I fell on it. But it was just enough water – about the size of one of those little dessert plates (indicating).

(Mercer Deposition, 27.)

{¶ 4} After the fall, a Wal-Mart employee wiped the liquid up with paper towels. Appellant testified that, while she did not know one way or the other what the substance actually was, she thought it was water. Appellant was asked, "would it be fair to state that you didn't notice anything coming from the shelves, you didn't see anything dripping or leaking from the shelves or leaking?," to which appellant responded, "Yes." (Mercer Deposition, 35.)

{¶ 5} Appellant argued in her memorandum opposing appellees' motion for summary judgment that appellees negligently allowed water from a leak in the roof or ceiling to accumulate on the floor and that res ipsa loquitur applied in this case. In support, appellant submitted an affidavit of William K. Barthelmas and an affidavit and

deposition of Ruble.   In his affidavit, Barthelmas stated, "I have been in the roofing business all of my life" and "have been asked my expert opinion on flat roofs and skylights."  (Barthelmas Affidavit, 1.)  Though not having inspected the Wal-Mart roof in question, Barthelmas reviewed a record of work orders related to the Wal-Mart at issue here.[1]  From these work orders, Barthelmas determined the Wal-Mart roof was six years old and evidently of flat construction which is typical of roofs on structures he has seen occupied as Wal-Mart stores.  Barthelmas also stated that "[s]kylights are by their very nature prone to leak around where they are connected to the roof," and that the work orders he reviewed "do not substantiate 'regular monitoring to discover and prevent leaks.' "  (Emphasis sic.)  (Barthelmas Affidavit, 1, 2.)  However, Barthelmas's affidavit does not indicate what constitutes "regular monitoring" to discover and prevent leaks, nor does the affidavit indicate that either the Wal-Mart roof or skylight at issue in this case suffered from any leaks.  (Barthelmas Affidavit, 2.)

{¶ 6}   In his February 22, 2013 affidavit, Ruble stated appellant fell when she "stepped into a small puddle of water" and from the "immediate appearance" of the Wal-Mart employee with paper towels, it was clear to him that the employee knew of liquid on the floor prior to the fall.  (Ruble Affidavit, 1.)  Ruble also stated there must be a leak in the skylight because ten days later he returned to the location of the accident and observed an accumulation of water in the same location.

{¶ 7}   In appellees' reply filed in support of their motion for summary judgment, appellees argued Barthelmas's testimony and the work orders he relied upon were not admissible, Ruble's testimony does not create a genuine issue of material fact, and res ipsa loquitur is inapplicable in this case.  In support, appellees filed Ruble's September 20, 2012 deposition in which he testified appellant slipped on some "clear liquid on the floor" directly below a skylight.  (Ruble Deposition, 20.)  Ruble testified he thought at least one Wal-Mart employee was aware the water was on the floor prior to appellant's fall because an employee responded with paper towels "so quick" after the fall and before other employees had arrived.  (Ruble Deposition, 20.)  Ruble also testified at his deposition that

---

[1] Barthelmas reviewed work orders submitted in discovery by appellees.  According to appellees, the work orders have not been authenticated.  Because the authenticity of these documents does not alter our disposition of this case, we will presume their authenticity for purposes of this decision.

he did not see anything dripping down from the skylight or from any of the products on any of the shelves. When asked specifically if he observed where the liquid came from, Ruble responded, "Well, I guess that is an assumption on my part. I looked up and there's a skylight." (Ruble Deposition, 27.)

{¶ 8} In granting appellees' motion for summary judgment, the trial court concluded: (1) the premises was open to the public, therefore, not within appellees' exclusive control, and (2) appellant presented no evidence that Wal-Mart or its employees created the hazard upon which appellant fell. Specifically, with respect to Barthelmas, the trial court concluded his statements did not constitute evidence that the roof was leaking when appellant fell, that the puddle was caused by an existing leak or that a puddle that may have existed was present long enough to justify an inference that appellees' failure to clean it up or warn of its existence within a reasonable time was due to a lack of ordinary care. Accordingly, the trial court found appellees were entitled to judgment as a matter of law pursuant to Civ.R. 56.

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant brings the following assignment of error for our review:

> The trial court erred in entering summary judgment for and on behalf of Appellee Wal-Mart as the evidence when construed in a light most favorable to Appellant would allow a finder of fact to find for and in favor of Appellant on the issue of liability.

## III. STANDARD OF REVIEW

{¶ 10} Appellate review of summary judgments is de novo. *Titenok v. Wal-Mart Stores E., Inc.*, 10th Dist. No. 12AP-799, 2013-Ohio-2745, ¶ 6; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995). Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181 (1997).

{¶ 11} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. DISCUSSION

{¶ 12} Appellant's sole assignment of error alleges that the trial court erred in granting summary judgment in favor of appellees.

{¶ 13} "[T]o establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). The parties agree that appellant was a business invitee of appellees and that the store owners owe business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). The business owner's duty includes a duty to provide reasonably safe aisles for its customers. *Dickerson v. Food World*, 10th Dist. No. 98AP-287 (Dec. 17, 1998). However, a business owner is not an insurer of a customer's safety or against all types of accidents that may occur on its premises. *Paschal*; *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943). No presumption or inference of negligence arises from the mere occurrence of an accident or from the mere fact that an injury occurred. *Dickerson*, citing *Green v. Castronova*, 9 Ohio App.2d 156 (7th Dist.1966).

{¶ 14} To recover in a premises liability case, a plaintiff must establish by a preponderance of the evidence that: (1) the store, through its officers or employees,

created the hazard complained of, or (2) at least one of the store's officers or employees had actual knowledge of the hazard and failed to remove it or warn the customer, or (3) the hazard existed long enough that the store officers or employees should have known of its presence and removed it or warned the customer. *Titenok* at ¶ 9; *Johnson* at 589.

{¶ 15} On appeal, appellant asserts the record contains evidence that appellees failed to properly monitor and maintain the skylight and roof; therefore, there is evidence appellees had notice of the water on the floor. In support of her position, appellant relies on *Detrick v. Columbia Sussex Corp.*, 90 Ohio App.3d 475 (2d Dist.1993). Appellant contends *Detrick* stands for the proposition that notice of a hazardous condition is assumed when a dangerous condition is created by a premises owner or his employees.

{¶ 16} In *Detrick*, the plaintiff alleged she slipped and fell on what she believed was cleaning solution in the defendant's public hotel lobby bathroom. Defendant filed a motion for summary judgment arguing the bathroom was open for public use, and the plaintiff likely slipped on hand soap left on the floor by another patron. The defendant's employee who had cleaned the bathroom prior to plaintiff's fall testified by way of deposition that she did not leave any cleaning solution on the floor. The plaintiff filed a memorandum contra to the defendant's motion for summary judgment. Included with the memorandum contra was the plaintiff's deposition wherein she testified that after she fell she noticed a greasy stain imprinted on her dress in the shape of the tile on which she fell. The plaintiff in *Detrick* had the stain tested by an expert in biochemistry and forensic testing who concluded the plaintiff's dress contained a "cleaning material that was on a ceramic tile floor." *Id.* at 478. The trial court granted summary judgment in favor of defendant. On appeal, the appellate court reversed holding that the plaintiff established a genuine issue of material fact remained on the issue of whether the defendant was responsible for the solution left on the floor which caused plaintiff to fall.

{¶ 17} In *Detrick*, the plaintiff was able to demonstrate a causal nexus between the actions of the defendant and the plaintiff's fall, specifically, by presenting evidence that the defendant cleaned the bathroom floors earlier in the day and that the plaintiff, at some point later in the day, slipped on what an expert verified was cleaning solution. As such, the plaintiff did not have to establish the defendant had either actual or constructive notice of the hazard. In this case, appellant has not presented any evidence that the

substance upon which appellant fell came from the skylight or that a leak existed in the roof or skylight. Thus, unlike *Detrick*, appellant has not presented any evidence that establishes a causal nexus between the actions of appellees and the hazard which caused appellant to fall.

{¶ 18} To establish a genuine issue of material fact exists regarding whether appellees failed to sufficiently maintain the roof, skylight or ceiling at issue here, appellant relies on Barthelmas's affidavit. Based on the work orders he reviewed, Barthelmas concluded appellees did not conduct "regular monitoring" to prevent and discover leaks in the roof. As found by the trial court, Barthelmas's affidavit does not provide any evidence that this particular roof or skylight had a leak at the time of appellant's fall or that the hazard upon which appellant fell was caused by a leak. Moreover, though opining appellees' monitoring of the roof and skylight was not sufficient, Barthelmas does not opine on what constitutes sufficient maintenance or monitoring or whether the lack of maintenance or monitoring actually caused a leak in appellees' skylight or roof. Thus, we agree with the trial court that Barthelmas's affidavit is not sufficient to create a genuine issue of material fact as to whether appellees were responsible for or had notice of the hazard.

{¶ 19} Ruble's testimony also fails to establish a genuine issue of material fact in this case. According to Ruble, the day appellant fell, an accumulation of water was directly underneath a skylight and when he went back to the store ten days later, he again observed an accumulation of water directly underneath the same skylight. From this evidence, appellant asks us to infer that, because she fell in a clear liquid located underneath a skylight, the liquid must have been water that must have come from the skylight or roof that must have had a leak, and, thus, appellees breached their duty of care by causing or allowing the leak and/or the water to remain on the floor.

{¶ 20} To find in appellant's favor would require speculation and impermissible stacking of inferences, which is insufficient to create a genuine issue of material fact sufficient to preclude a granting of summary judgment. *Gouhin v. Giant Eagle*, 10th Dist. No. 07AP-548, 2008-Ohio-766, ¶ 12. It is impermissible to draw an inference from a deduction that is itself purely speculative and unsupported by an established fact, and a plaintiff cannot create a genuine issue of fact by stacking inference upon inference. *Currie*

*v. Big Fat Greek Restaurant, Inc.*, 10th Dist. No. 12AP-440, 2012-Ohio-6168, ¶ 18, citing *Haughey v. Twins Group, Inc.*, 2d Dist. No. 2004-CA-7, 2005-Ohio-1371, ¶ 17-18; *Cole v. Contract Framing, Inc.*, 162 Ohio App.3d 612, 2005-Ohio-4244 (10th Dist.). After a proper motion for summary judgment is made, "the nonmoving party must do more than supply evidence of a possible inference that a material issue of fact exists; it must produce evidence of specific facts which establish the existence of an issue of material fact." *Carrier v. Weisheimer Cos., Inc.*, 10th Dist. No. 95APE04-488 (Feb. 22, 1996); *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991).

{¶ 21} Construing the evidence in a light most favorable to appellant, appellant has failed to demonstrate that a genuine issue of material fact exists as to whether appellees created the hazard, had actual knowledge of the hazard or that the hazard existed for a period of time such that Wal-Mart should have known of its presence and either removed the hazard or warned appellant of it.

{¶ 22} Appellant also sets forth an argument that the doctrine of res ipsa loquitur applies in this case so that appellees' negligence can be inferred. The doctrine of res ipsa loquitur is a rule of evidence that allows a plaintiff to prove negligence circumstantially upon showing the following: (1) the instrumentality that caused the harm was in the exclusive control of the defendants, and (2) the event that caused the harm was not of the type that would normally occur in the absence of negligence. *Williams v. Lo*, 10th Dist. No. 07AP-949, 2008-Ohio-2804, ¶ 13, citing *Bowden v. Annenberg*, 1st Dist. No. C-040499, 2005-Ohio-6515, ¶ 41. Res ipsa loquitur does not apply; however, " 'where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence.' " *Jennings Buick, Inc. v. Cincinnati*, 63 Ohio St.2d 167, 172 (1980), quoting *Loomis v. Toledo Rys. & Light Co.*, 107 Ohio St. 161, 170 (1923).

{¶ 23} As we have previously discussed, other than through speculation and the impermissible stacking of inferences, appellant has not provided evidence to create an issue of fact regarding whether appellees caused the hazard in this case or had exclusive control of the premises. The doctrine of res ipsa loquitur does not supply proof that the instrumentality caused the plaintiff's injuries; rather, such proof of causation is a prerequisite to application of the doctrine in the first instance. *Selective Ins. Co. v.*

*Columbus & S. Ohio Elec. Co.*, 10th Dist. No. 74AP-195 (Sept. 24, 1974). Because appellant has not provided evidence that a genuine issue of material fact exists regarding either that appellees created the hazard or that appellees had exclusive control of the roof, skylight or floor in the area in which appellant fell, the doctrine of res ipsa loquitur does not apply to permit an inference of negligence on the part of appellees so as to preclude summary judgment.

{¶ 24} Because we agree with the trial court that no genuine issue of material fact exists regarding appellant's asserted claim for negligence, we conclude the trial court properly granted summary judgment in favor of appellees. Accordingly, appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 25} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____