# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106518**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHARLES BROWN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618365-A

**BEFORE:** S. Gallagher, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 13, 2018

[Cite as *State v. Brown*, 2018-Ohio-3674.]

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square, Suite 2100
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Anthony Thomas Miranda
        Eleina Thomas
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, P.J.:

{¶1}   Charles Brown appeals his convictions for various charges stemming from an incident in which he attempted to shoot at two police officers who lawfully pulled Brown's vehicle over and the ensuing foot chase necessitated by Brown's flight.   For the following reasons, we affirm.

{¶2} Two Cleveland police officers initiated a traffic stop on a vehicle matching the description of one involved in armed robberies.   When the vehicle stopped, Brown jumped out of the passenger side in a shooting stance with a handgun aimed in the direction of the officers' patrol car.   The officers both took cover, expecting shots to be fired.   One of the officers immediately heard and saw Brown fleeing the area.   Additional responding officers caught up to Brown, who was still in possession of the handgun.   Brown was arrested and taken to a hospital for treatment for a superficial cut on his forehead.   He was combative and twice attempted to escape police custody.

{¶3} A detective at the scene of the arrest picked up the handgun, which Brown had discarded, and unloaded the weapon.   In the process, the chambered round and one from the top of the magazine were ejected and preserved.   One of the ejected shells had a strike mark from the firing pin, indicating that there was an attempt to fire the handgun but the round of ammunition was faulty.

{¶4} After a bench trial, Brown was convicted of two counts of felonious assault of a police officer, resisting arrest, obstructing justice, improperly handling a firearm, having a weapon while under disability, escape, and associated repeat violent offender

and firearm specifications. The 7-year sentence imposed on the repeat violent offender specification and the 14-year term on one of the felonious assault counts with an associated firearm specification were imposed consecutive to each other, but all other sentences were imposed concurrently for an aggregate term of 21 years in prison.

{¶5} In the first assignment of error, Brown claims that he was denied the ability to represent himself at trial. Before trial, Brown's counsel sought to withdraw, claiming that Brown wished to proceed to trial representing himself. The trial court conducted a hearing on the matter. After the court permitted counsel to withdraw and was discussing the appointment of new counsel, the trial court asked Brown, "No matter who I get for you as a new lawyer, you're still going to want to represent yourself?" Brown indecisively answered, "I guess I can, yes." After the equivocal answer, the trial court decided to hold the request for self-representation in abeyance pending the appointment of new counsel. The trial court notified Brown that if he was still unsatisfied with appointed counsel, the self-representation request would be revisited. Before trial, Brown indicated that he was satisfied with his new attorney.

{¶6} A defendant's "right to self-representation is rooted in the Sixth Amendment to the United States Constitution, which provides the following: 'In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defense.'" *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 25. "The Ohio Constitution provides that '[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel.'" *Id.*, quoting Article I,

Section 10, Ohio Constitution. A defendant "'may proceed to defend himself without counsel when he voluntarily and knowingly and intelligently elects to do so.'" *Id.* at ¶ 28, quoting *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. A trial court's denial of the right to self-representation is per se, reversible error when the defendant properly invokes the constitutional right. *Id.*

{¶7} In order to be "proper," the defendant must "unequivocally and explicitly invoke" his right. *Id.* at ¶ 29. Courts must "indulge in every reasonable presumption against waiver" of the right to counsel. *Id.*, quoting *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). Most important, in light of the particular facts of this case, even if an unequivocal and explicit request for self-representation is made, a defendant may later abandon that request by acquiescing to counsel's legal representation. *Id.* at ¶ 31, citing *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 42, and *McKaskle v. Wiggins*, 465 U.S. 168, 182, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

{¶8} In order to invoke the right to self-representation, the invocation must be unequivocal and explicit. *Id.* at ¶ 38. In this case, Brown's initial request was equivocal and the trial court did not err by appointing another attorney in the attempt to provide Brown with representation that satisfied his concerns. Absent an express invocation, the constitutional right to self-representation is waived. *Id.* Nothing from this record indicates that Brown pursued an intention to represent himself beyond the abandoned request that came after his first attorney was granted leave to withdraw. *Cassano* at ¶ 42.

Brown, therefore, waived any right to self-representation in accepting the advice and assistance of, and admitting that he was satisfied with, the second attorney appointed to represent Brown. *Id.*

{¶9} Even if the first request was unequivocal, instead of denying Brown's intention to proceed pro se, the trial court held the request in abeyance pending new counsel being appointed. Although Brown initially indicated a desire to represent himself, he conceded satisfaction in his second appointed attorney. His motion to invoke his right to self-representation was tacitly withdrawn or abandoned. Either way, he waived the right to represent himself at trial and the first assignment of error is overruled.

{¶10} In the second assignment of error, Brown claims the trial court erred by relying on a final sentencing entry from an earlier conviction, Cuyahoga C.P. No. CR-09-523883-B, for the purposes of establishing the applicability of the repeat violent offender specification in this case. According to Brown, that final sentencing entry was entered nunc pro tunc, and therefore, the trial court was required to determine whether the final entry of conviction from another case in fact corrected a clerical mistake.

{¶11} Neither the trial court nor this court has jurisdiction over the entry of conviction arising in a separate matter. *State v. McGee*, 8th Dist. Cuyahoga No. 102740, 2015-Ohio-4908, ¶ 3, fn. 1 (no jurisdiction to review nunc pro tunc order in a separate proceeding). Even if the nunc pro tunc entry could be reviewed, the principles underlying res judicata preclude defendants from advancing arguments that were or could

have been raised in another appeal. *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3.

**{¶12}** If the nunc pro tunc entry was improper, Brown's remedy was a direct appeal from the decision in that case. *State ex rel. Davis v. Saffold,* 143 Ohio St.3d 475, 2015-Ohio-1517, 39 N.E.3d 1205, ¶ 11. The Ohio Supreme Court has held that the principles of res judicata are properly invoked to preclude a defendant from collaterally attacking a final conviction entered nunc pro tunc and the only remedy is a direct appeal from that order. *Id.* In this case, Brown cannot collaterally attack the entry of conviction entered in the CR-09-523883-B case number after failing to pursue or challenge that entry in a direct appeal. Brown's argument, that the nunc pro tunc entry of conviction is void, could have been raised in a direct appeal in the CR-09-523883-B case number. *Saffold* at ¶ 11. That claim is barred by res judicata in this case. *Id.* The second assignment of error is overruled.

**{¶13}** In the third and fourth assignments of error, Brown challenges the sufficiency of the evidence in support of the felonious assault convictions. Although Brown presented the fourth assignment of error in terms of the weight of the evidence, he expressly indicated that his arguments only addressed the sufficiency of the evidence. A claim that a jury verdict is against the weight of the evidence involves a separate and distinct test that is much broader than the test for sufficiency. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193. In light of the fact that Brown has presented no separate arguments in support of his arguments claiming the conviction

is against the weight of the evidence, we will solely address the sufficiency of the evidence as presented. App.R. 16(A)(7); *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 2.

**{¶14}** A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶15}** R.C. 2903.11(A)(2) provides that no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon. If the victim is a peace officer, the crime becomes a felony of the first degree. Brown claims that the act of pointing a gun at the two police officers is not sufficient evidence to prove that he attempted to cause physical harm with a deadly weapon.

**{¶16}** We acknowledge that the Ohio Supreme Court has held that "[t]he act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient to convict a defendant of the offense of 'felonious assault' as defined by R.C. 2903.11(A)(2)." *State v. Brooks*, 44 Ohio St.3d 185, 542 N.E.2d 636 (1989), syllabus. In this case, there was evidence that Brown attempted to fire his handgun, undisputedly a deadly weapon, at the police officers. A shell that misfired was

collected from the weapon Brown possessed, indicating that he pulled the trigger. But for a malfunction, the gun would have discharged the bullet. That two shell casings were ejected, so that the trier of fact would have to consider whether the malfunctioning round was in the magazine or the chamber, addresses the weight of the evidence, not its sufficiency. As previously mentioned, Brown has not identified any basis to reverse the conviction as being against the weight of the evidence. App.R. 16(A)(7). Even if we consider the fact that two shells were ejected so that the officer could not verify that the chambered round contained the strike mark, Brown has not demonstrated his case to be the exceptional case warranting a reversal based on his convictions being against the weight of the evidence.

{¶17} Nevertheless, his sole claim — that there is no evidence in support of the felonious assault convictions because taking a shooting stance alone is insufficient to prove an attempt to cause physical harm with a deadly weapon — is not supported by the record.

{¶18} In this case, one of the shells ejected from the weapon in Brown's possession had a strike mark on the firing mechanism of the shell, indicating that the weapon had misfired after Brown pulled the trigger. The trier of fact could infer that Brown attempted to fire the weapon when he took the shooting stance as the two police officers were exiting the squad car from the fact that one of the shells retrieved from the discarded handgun indicated that there was an unsuccessful attempt to fire the weapon.

There is sufficient evidence of felonious assault of two police officers with a deadly weapon.

**{¶19}** Brown attempts to counter the inference, of attempting to fire the handgun at the officers from the strike mark on the shell, by claiming that it is an inference that is stacked upon another inference. Ohio law precludes the stacking of inferences to prove a claim. *Bier v. Am. Biltrite*, 8th Dist. Cuyahoga No. 97085, 2012-Ohio-1195, ¶ 22; *Mercer v. Wal-Mart Stores, Inc.*, 10th Dist. Franklin No. 13AP-447, 2013-Ohio-5607, ¶ 20 (drawing an inference from a deduction that itself is purely speculative and unsupported by established fact violates Ohio law). The inference that Brown attempted to fire the weapon is based on the evidence that he took a shooting stance and aimed the handgun at the police officers and the parallel evidence indicating that there was an attempt to fire the handgun, as demonstrated through the firing-pin strike mark on the shell casing. There is no inference-stacking in this case, nor has Brown indicated what inference was based upon another. App.R. 16(A)(7). The third and fourth assignments of error are overruled.

**{¶20}** In the fifth assignment of error, Brown claims that the sentence imposed on the repeat violent offender specification is not supported by the record because Brown did not commit a homicide, was not a violent sexual predator, and committed no crimes that resulted in actual physical injury or serious psychological injuries to the victims. In support of his argument, Brown cites "A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission (July l, 1993)," a document that is

not in the appellate record and is not binding authority. The entirety of Brown's argument and analysis in favor of reversing the sentences imposed on the repeat violent offender specifications is as follows:

> In this case, neither of the two victims could definitively state that Appellant either pointed his gun at one of them in particular, pulled the trigger, or tried again to shoot one of them as he was running away. Appellant also did not attempt to fire his weapon at any of the other officers chasing him. Because the record does not contain clear and convincing evidence that the sentences imposed in this case for Appellant's convictions on the RVOs are supported by the record, his sentences on those specifications should be vacated.

In support of appellate review, Brown cites R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶21}** Brown has not demonstrated error under R.C. 2953.08(G)(2) or *Marcum*. *Marcum* authorizes felony sentencing review of sentences that is not expressly provided under R.C. 2953.08(G)(2). *Marcum* at ¶ 23. As the Ohio Supreme Court noted, "some sentences do not require the findings that R.C. 2953.08(G) specifically addresses." *Id.* If that is the case, then "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Id.* *Marcum* is inapplicable in this case because the repeat violent offender specification sentence being

challenged was imposed after the trial court made the findings specifically discussed in R.C. 2953.08(G)(2)(a).

{¶22} R.C. 2953.08(G)(2) provides that an appellate court

may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

In this case, the sentence imposed on the repeat violent offender specification was imposed under R.C. 2929.14(B)(2)(a); and under R.C. 2929.14(B)(2)(e), the trial court is required to state its findings on the record.  Further, our review under R.C. 2953.08(G)(2) is not to determine whether the record clearly and convincingly supports the sentences imposed, as Brown contends, but whether we can clearly and convincingly find that the trial court's findings are not supported by the record.

{¶23} Brown has not identified or discussed the trial court's findings under R.C. 2929.14(B)(2)(a), let alone has he presented any arguments or analysis upon which we could clearly and convincingly find that the trial court's findings are not supported by the record.  App.R. 16(A)(7).  Instead, Brown asserts cursory arguments claiming that his convictions for both counts of felonious assault are not based on sufficient evidence because the state failed to prove that Brown attempted to shoot at any particular officer or attempted to fire the handgun in general.  In light of our rejection of that same argument

as it pertains to the sufficiency of the evidence, the fifth assignment of error is likewise overruled.

**{¶24}** Brown's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.      The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR