**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MICHAEL P. LANEY, et al. | Case No. 2023-00180JD |
| Plaintiffs | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | <u>DECISION</u> |
| THE OHIO STATE UNIVERSITY<br>WEXNER MEDICAL CENTER | |
| Defendant | |

{¶1} Before the Court for a non-oral hearing is Defendant's Motion for Summary Judgment pursuant to Civ.R. 56 and L.C.C.R. 4. For the following reasons, Defendant's Motion is GRANTED.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293. "The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims." *Mercer v. Wal-Mart Stores, Inc.*, 10th Dist. Franklin No. 13AP-447, 2013-Ohio-5607, ¶ 11, citing *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 1997 Ohio 259, 674 N.E.2d 1164 (1997).

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Facts**

{¶4} The parties submitted deposition transcripts of Plaintiffs, Michael Laney and Kathy Laney, and Defendant's employees, Custodial Manager Abebe Endale,[1] Associate Director of Environmental Services Jerrod Hanks, and Associate Director of the Security Department Steve Wollenberg. Defendant also submitted the incident report and an Affidavit of employee Abebe Endale.[2] Plaintiffs also submitted the incident report,

---

[1] Endale was a custodial worker assigned to the area where Michael fell on the date of the incident.

[2] Upon review, the Court views Endale's Affidavit as supplemental to his testimony, rather than being inconsistent with his testimony, based on the questions proffered by counsel for Plaintiffs and

Defendant's discovery responses to requests for admission, and Defendant's cleaning policy and procedure "ES Optimizer Mobile Audit."   The relevant evidence submitted, viewed in a light most favorable to Plaintiffs, shows the following:

{¶5} On July 9, 2021, Plaintiffs were visiting Defendant's James Cancer Hospital and Solove Research Institute for Kathy's early morning treatment.  (Complaint ¶ 8, Kathy Laney Deposition 9:8-10:7; Michael Laney Deposition 13:3-15).  Visitors and patients may start entering the James around 5:00 a.m. or 6:00 a.m.  (Jarrod Hanks Deposition 32:16-22; Steven Wollenberg Deposition 38:7-11).  Shortly after arriving, Plaintiffs went to public restrooms available within the facility.  (Complaint ¶ 9; K. Laney Depo. 10:3-22; M. Laney Depo. 16:3-15).  Michael went into the first available men's restroom.  (K. Laney Depo. 11:1-17).  However, Kathy, upon entering the women's restroom directly next door to the men's restroom Michael entered, saw a male custodial worker with a cart in the women's restroom and continued to the next women's restroom down the hall, but did not see exactly what the custodial worker was doing in the women's restroom.  (K. Laney Depo. 11:11-24; 13:3-8; 16:12-24).

{¶6} Upon entering the men's restroom, after taking a couple steps in, Michael's feet went out from under him and he fell, hitting his head on the ground causing unconsciousness.  (M. Laney Depo. 16:20-17:15).   Michael stated the entire floor was wet, which he referred to as "damp," but never made it into the toilet or sink area of the restroom nor did he look at the floor.  (M. Laney Depo. 20:2-21:2; 61:19-62:5).  Upon getting himself back up, Michael stated the floor was wet and that the back of his shirt and pants were wet to the touch.  (M. Laney Depo. 20:8-14; 61:9-18).  Security staff who responded to Michael's fall observed that the floor of the men's restroom was wet and reported the wet floor to Defendant's Department of Environmental Services (EVS) for cleanup.  (Plaintiffs' Exhibit A; Defendant's Exhibit A).  However, security staff did not

---

contents of the Affidavit, which allows the Court to use his Affidavit for determining summary judgment. *See Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 29 ("[W]hen an inconsistent affidavit is presented in support of, or in opposition to, a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the affiant's earlier sworn testimony. A movant's contradictory affidavit will prevent summary judgment in that party's favor.  A nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created.").

follow up to investigate the circumstances surrounding Michael's fall.  (Wollenberg Depo. 14:21-16:25).

{¶7} Defendant's EVS is charged with overseeing maintenance, cleaning at the James, and supervising the custodial workers, such as Abebe Endale, who was assigned to the area of Michael's fall.  (Hanks Depo. 14:20-23; 15:20-24; 42:10-18).  EVS has specific routines and practices for cleaning, including the usage of signage when mopping.  (Hanks Depo. 17:21-18:1).  For mopping, a "wet floor" sign is placed outside the restroom while the custodial workers mop themselves out of the restroom, removing the "wet floor" sign only once the restroom floor has completed drying.  (Hanks Depo. 18:11-19:8; 20:19-22:3).  Custodial workers are ordinarily not expected to mop restroom floors during the day, unless an accident occurs, but they are not prohibited from mopping during the day.  (Hanks Depo. 32:1-8; 32:23-33:4).  Custodial workers customarily clean restrooms side by side, but such a cleaning procedure is not required.  (Hanks Depo. 27:13-28:2; Abebe Endale Deposition 57:3-58:23).

{¶8} Endale does not remember Michael's fall, if he cleaned the side-by-side men's or women's restrooms in question on the date of Michael's fall, or if he would have cleaned the restroom, in which order he would have cleaned the restroom, but he followed Defendant's policy and training when cleaning and mopping.  (Endale Depo. 20:19-21:10; 21:23-22:13; 26:16-28:22; Abebe Endale Affidavit ¶¶ 4-18).  At the time of Michael's fall, no signage was out indicating that the restrooms were being cleaned or that the floors were wet.  (K. Laney Dep. 16:6-13; M. Laney Depo. 18:19-22).  Custodial managers, compared to custodial workers, are expected to perform inspection rounds checking on staff and any physical issues in the James.  (Hanks Depo. 35:20-26:23; Plaintiffs' Exhibit C).  No inspection rounds were entered into the system on the date of Michael's fall. (Hanks Depo. 37:24-38:20).

**Law and Analysis**

{¶9} Defendant asserts that it is entitled to summary judgment because Plaintiffs "cannot prove that [Defendant] created the condition, the wet floor, that [Michael] alleges caused his fall or that it knew or should have known about the wet floor."  (Defendant's Motion for Summary Judgment, p. 5).  Plaintiffs assert that a genuine issue of material

fact exists as to whether Defendant created, or knew or should have known, about the wet floor.

**{¶10}** To prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence that defendant owed plaintiff a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused plaintiff's injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). Under Ohio law, the duty owed by an owner or occupier of a premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). It is undisputed that Plaintiffs were invitees. (Defendant's Motion for Summary Judgment, pp. 6-7; Plaintiffs' Memorandum in Opposition, p. 6); *Dodson v. Ohio State Univ. Med. Ctr.*, 121 Ohio Misc.2d 87, 2002-Ohio-7413, 782 N.E.2d 190, ¶ 6 (Ct. of Cl.) ("[V]isitors of a patient in a hospital have been afforded the status of invitees, although such visitors do not necessarily provide a direct, tangible benefit to the hospital.").

**{¶11}** An owner or occupier of a premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong* at 80. In order "to establish that the owner or occupier failed to exercise ordinary care, the invitee must establish that: (1) the owner of the premises or his agent was responsible for the hazard of which the invitee has complained; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care." *Price v. United Dairy Farmers, Inc.*, 10th Dist. Franklin No. 04AP-83, 2004-Ohio-3392, ¶ 6.

### Created the Hazard

**{¶12}** Defendant argues that Plaintiffs cannot prove it created the wet floor. A defendant's liability related to creating a hazard can be shown by evidence establishing a "causal nexus between the actions of the defendant and the plaintiff's fall." *See Mercer*, 2013-Ohio-5607, at ¶ 17. While Defendant's custodial workers are tasked with cleaning

and mopping the restroom where Michael's fall occurred, upon review of the deposition transcripts and affidavit, as well as other proffered Civ.R. 56(C) evidence, the Court finds that Defendant has put forth evidence that it did not create the wet floor in the men's restroom prior to Michael's fall.

{¶13} Defendant put forth evidence that Endale, following EVS routine policy and procedure on the date of the incident, would have placed a wet floor sign outside the restroom until the floor was dry, if he had in fact mopped the restroom. No wet floor sign was outside the restroom where Michael fell. Additionally, Endale did not recall mopping the men's restroom prior to Michael's fall. Accordingly, Defendant has met its initial burden as the moving party seeking summary judgment.

{¶14} Plaintiffs, in attempting to create an issue of material fact, argue that "[a] reasonable inference can be made that Defendant OSUWMC mopped the floor that caused Plaintiff's injuries and failed to place a wet floor sign in the area" and "Plaintiff has not 'stacked inferences,' and has presented evidence that would allow reasonable minds to reach different conclusions as to why he slipped and fell on July 9, 2021." (Plaintiffs' Response, pp. 9-13).

{¶15} However, mere speculation and impermissible stacking on inferences is "insufficient to create a genuine issue of material fact sufficient to preclude a granting of summary judgment." *Mercer* at ¶ 20, citing *Gouhin v. Giant Eagle*, 10th Dist. Franklin No. 07AP-548, 2008-Ohio-766, ¶ 12. "It is impermissible to draw an inference from a deduction that is itself purely speculative and unsupported by an established fact, and a plaintiff cannot create a genuine issue of fact by stacking inference upon inference." *Id.*, citing *Currie v. Big Fat Greek Restaurant, Inc.*, 10th Dist. Franklin No. 12AP-440, 2012-Ohio-6168, ¶ 18, citing *Haughey v. Twins Group, Inc.*, 2d Dist. Champaign No. 2004-CA-7, 2005-Ohio-1371, ¶¶ 17-18; *see also Cole v. Contract Framing, Inc.*, 162 Ohio App.3d 612, 2005-Ohio-4244, 834 N.E.2d 409 (10th Dist.). After a proper motion for summary judgment is made, "the nonmoving party must do more than supply evidence of a possible inference that a material issue of fact exists; it must produce evidence of specific facts which establish the existence of an issue of material fact." *Id.*, citing *Carrier v. Weisheimer Cos., Inc.*, 10th Dist. Franklin No. 95APE04-488, 1996 Ohio App. LEXIS 617 (Feb. 22,

1996); *see also Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991).

{¶16} Upon review, Plaintiffs simply provide the Court with impermissible stacked inferences rather than specific factual evidence.  For Defendants to have created the wet floor, Plaintiffs allege mopping by a custodial worker as the culprit because a custodial worker was in the women's restroom next to the men's restroom where Michael fell.  While it is a fact, based on Kathy's testimony, that a male custodial worker and his cart were blocking the women's restroom, the testimony does not allege that the custodial worker was mopping the women's restroom.   Defendant's side-by-side restrooms are not required to be cleaned back-to-back or in a certain order, and Endale did not state that he always cleans them back-to-back or that he did so on the date of Michael's fall, and, as such, it is as likely that the men's restroom was to be cleaned after the women's restroom.  Plaintiff's argument requires the Court to stack inferences that first, the men's restroom was cleaned before the women's restroom, second, that cleaning of the men's restroom included mopping, and third, that Endale failed to place a wet floor sign or removed the wet floor sign before the floor was dry. *See Gibbs v. Columbus Metro. Hous. Auth.*, 10th Dist. Franklin No. 11AP-711, 2012-Ohio-2271, ¶ 19 ("Speculation and conjecture, however, are not sufficient to overcome [Plaintiffs'] burden of offering specific facts showing that there is a genuine issue for trial.").  Therefore, Plaintiffs have failed to point to specific facts, without impermissible inferences, showing that there is a genuine issue of material fact as to whether Defendant created the wet floor.

### *Actual or Constructive Notice of the Hazard*

{¶17} "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-606, 2012-Ohio-1017, ¶ 9. "Actual notice exists when the relevant information has been permanently communicated to or received by the noticed party in the form of express or direct information." *Sparre v. Ohio Dept. of Transp.*, 2013-Ohio-4153, 998 N.E.2d 883, ¶ 23 (10th Dist.).  "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.*  "To support an inference of constructive notice, plaintiff

may submit evidence to establish the length of time that a condition existed, and thereby show that the defendant should have acquired knowledge of its existence." *Id.*, citing *Presley v. Norwood,* 36 Ohio St.2d 29, 33, 303 N.E.2d 81 (1973).

{¶18} Defendant has presented evidence that it had no actual or constructive notice of the wet floor as there were no complaints or mention of the wet floor to Defendant, or evidence as to the length of time the wet floor persisted, prior to Michael's fall.

{¶19} Plaintiffs seemingly abandon the argument that Defendant had actual knowledge of the wet floor, aside from any finding of actual notice Defendant would have had from allegedly creating the wet floor. Additionally, Plaintiffs do not point to any evidence that tends to show that Defendant actually knew about the wet floor prior to Michael's fall. Moreover, there is no evidence before the Court regarding the length of time that the condition existed such that the Court could conclude that Defendant had constructive notice of the condition. Plaintiffs, however, do allege that a dispute of material fact exists as to Defendant's constructive knowledge. The Court disagrees.

{¶20} Plaintiffs base their constructive notice arguments on the Sixth District Court of Appeals reasoning that "[a] business has constructive knowledge of a hazard if the hazard (1) existed for an amount of time sufficient to justify an inference that the business' failure to warn against or remove it was attributable to a lack of ordinary care, or (2) would have been revealed by a reasonable inspection of the premises." *Bartlett v. Tan Pro Express*, LLC, 6th Dist. Lucas No. L-19-1113, 2020-Ohio-2760, ¶ 22. However, *Bartlett* refers to constructive knowledge of a latent or concealed danger. *Id.; see also Rowe v. Pseekos*, 10th District Franklin No. 13AP-889, 2014-Ohio-2024, ¶ 7 ("[t]he landowner's duty to invitees also includes the obligation to inspect the premises to discover possible dangerous conditions * * * a landowner [who fails] to conduct a reasonable inspection of the premises * * * will be charged with constructive knowledge of any latent defect which the landowner would have discovered had he or she conducted the reasonable inspection.").

{¶21} While Plaintiffs argue that the wet floor was a hidden and latent defect, because Defendant did not argue that the wet floor was an open and obvious hazard, and Plaintiffs concede that "the water was a clear liquid," such a condition does not qualify as

a hidden and latent defect requiring a duty to inspect. *See Balcar v. Wal-Mart*, 10th Dist. Franklin No. 12AP-344, 2012-Ohio-6027, ¶ 23 ("Plaintiff argued that defendant negligently had constructive notice of the latent defect. The trial court granted defendant's motion for a directed verdict which was overturned on appeal. After noting that the duty of ordinary care includes the duty to warn and inspect premises to discover possible latent defects, this court found that the unknown substance was a latent defect and not an open and obvious hazard. As such, this court concluded that whether defendant conducted a reasonable inspection is a question to be determined by the trier of fact. The present case does not involve a latent defect. It involves a spill of a clear liquid on the floor.").

{¶22} Therefore, Plaintiffs allegations that Defendant did not appropriately inspect its building pursuant to its own policy is without merit, and without Plaintiffs pointing to any evidence of actual notice or evidence of constructive notice such that the Court could find a dispute in material fact as to the length of time the wet floor was present before Michael's fall, which upon review they do not, no issues remain for trial and Defendant is entitled to judgment as a matter of law.

### *Derivative Loss of Consortium Claim*

{¶23} Kathy's claim for loss of consortium must also fail. A claim for loss of consortium "is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury." *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 93, 585 N.E.2d 384 (1992). Accordingly, because no claims remain for trial related to Michael's bodily injury, then Kathy's claim shall not remain viable for trial on its own.

### Conclusion

{¶24} Defendant has met its initial burden, pursuant to Civ.R. 56(C), by showing that there are no genuine issues of material fact regarding the creation or knowledge of the wet floor. However, Plaintiffs have not met their reciprocal burden, pursuant to Civ.R. 56(E), setting forth specific facts showing that there is a genuine issue for trial. Even construing the evidence in a light most favorable to Plaintiffs, they have failed to

demonstrate the existence of a genuine issue of material fact related to Defendant creating the wet floor or having actual or constructive knowledge of the wet floor so that it should have either removed it or warned Michael prior to his fall.

{¶25} For these reasons, Defendant's Motion for Summary Judgment is GRANTED.

LISA L. SADLER
Judge

[Cite as *Laney v. Ohio State Univ. Wexner Med. Ctr.*, 2024-Ohio-1486.]

| | |
|---|---|
| MICHAEL P. LANEY, et al.<br><br>Plaintiffs<br><br>v.<br><br>THE OHIO STATE UNIVERSITY<br>WEXNER MEDICAL CENTER<br><br>Defendant | Case No. 2023-00180JD<br><br>Judge Lisa L. Sadler<br>Magistrate Gary Peterson<br><br><u>JUDGMENT ENTRY</u> |

## IN THE COURT OF CLAIMS OF OHIO

{¶26} A non-oral hearing was conducted in this case upon Defendant's Motion for Summary Judgment. For the reasons set forth in the Decision filed concurrently herewith, Defendant's Motion for Summary Judgment is GRANTED. Judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed March 27, 2024**
**Sent to S.C. Reporter 4/18/24**