[Cite as *State v. Davis*, 2012-Ohio-2499.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97227

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT DAVIS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-509762

**BEFORE:**   Keough, J., Celebrezze, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   June 7, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristin Karkutt
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Robert Davis, appeals the trial court's judgment imposing an eight-year prison sentence following a violation of community control. For the reasons that follow, we affirm the trial court's decision.

{¶2} In June 2009, Davis entered into an agreement where he pled guilty to burglary, a second degree felony, in exchange for the State dismissing the other second degree felony count of theft of property. At the original sentencing hearing, the trial court imposed and advised Davis of the following sentence, "Sentence of the court is [$]250 and cost[s], eight years at the Lorain Correctional Institution. Sentence is suspended. You'll be placed on probation for a period of five years." The trial court's journal entry reflected a sentence of "5 years of community control," with conditions, and ordered that any violations "may result in more restrictive sanctions, or a prison term of 8 years * * *."

{¶3} In August 2009, the trial court conducted a "probation violation" hearing. After learning that Davis failed two separate drug tests, the trial court found him "to be in violation," terminated his probation, and ordered his "original sentence" into execution. Davis appealed from this decision in *State v. Davis*, 8th Dist. No. 93959, 2009-Ohio-5126 ("*Davis I*"). In *Davis I*, he raised two challenges to the trial court's imposition of the eight-year prison sentence: (1) the trial court erred in failing to advise him of postrelease

control at his initial sentencing hearing when the court imposed a period of community control sanctions; and (2) he was not afforded due process during his "probation violation" hearing.

{¶4} This court found that the trial court did not err in failing to advise Davis about postrelease control when he was initially sentenced to community control sanctions because the advisement of postrelease control only pertains to when a person is sentenced to a term of imprisonment. *Davis I* at ¶ 17-19. However, this court found plain error in the trial court's failure to advise Davis about postrelease control once it decided that he was in violation of his community control conditions and that his "original sentence will be ordered into execution." To correct this error, this court ordered the trial court to employ the resentencing remedy of R.C. 2929.191 if it still determined upon remand that imposition of prison was warranted. *Id*. at ¶ 21. This court acknowledged that the failure to advise Davis of postrelease control neither rendered the sentence void nor required a de novo sentencing hearing. *Id.* In *Davis I*, Davis did not raise any argument regarding the trial court's imposition of the suspended eight-year prison sentence and did not argue that his "original sentence" was in fact community control sanctions.

{¶5} In *Davis I*, this court also found that the trial court committed plain error in not affording Davis any meaningful opportunity to object to the "probation violation" proceeding. Therefore, this court reversed the trial court's decision and remanded with instructions that prior to deciding whether the imposition of a prison sentence was warranted, Davis was to be afforded a community control violation hearing. *Id.* at ¶ 28.

Furthermore, this court stated in dicta that if a prison sentence was imposed, the trial court was to properly advise on postrelease control. *Id.* at fn. 2.

{¶6} On remand in July 2011, the trial court accepted Davis's waiver of his right to have a probation violation hearing and found him in violation of his "probation." The trial court then stated: "[t]he original sentence will be ordered into execution. Sir, upon your release from prison, the Ohio Parole Board will impose a period of postrelease control of 3 years. * * *." No objection was made by Davis regarding the imposition of the prison sentence and postrelease control, nor did Davis assert that his "original sentence" was community control sanctions, not a term of imprisonment.

{¶7} Davis now appeals, contending in his sole assignment of error that "the trial court erroneously imposed a prison term of eight years without ever announcing such a sentence in open court and after indicating in open court that it was extending Davis's community control sanctions."

{¶8} As a preliminary matter, we find that an argument could be made that the issue of res judicata bars Davis's challenge raised herein because the issue was not presented in *Davis I*. Res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal. *State v. Leek*, 8th Dist. No. 74338, 2000 WL 868501 (June 21, 2000), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Reviewing the record, we find that at both the August 2009 and the July 2011 hearings, the trial court ordered the "original sentence into execution." Although the trial court issued the same ruling, Davis

did not challenge the imposition of the prison sentence in *Davis I*. Accordingly, res judicata could potentially bar the argument raised in this appeal. Nevertheless, we will address the merits of Davis's assigned error.

{¶9} This court reviews Davis's assigned error under a plain error analysis because Davis did not object to the trial court's imposition of a prison sentence. Failure to object waives all but plain error. *See, e.g., State v. Williams*, 8th Dist. No. 93625, 2010-Ohio-3418, ¶ 8-9. Crim.R. 52(B) provides that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, in order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the proceedings clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. For the following reasons, we do not find plain error.

{¶10} Davis contends on appeal that contrary to the journal entry, the trial court never imposed a prison term after finding that he violated community control; rather, the trial court stated that the "original sentence" was ordered into execution. Davis argues that because the "original sentence" was five years of community control sanctions, the trial court was stating that it was reinstating his community control sanctions.

{¶11} This artfully crafted argument has no merit considering that the record is clear that the trial court was imposing the same sanction it had previously imposed in August 2009 — the suspended eight-year prison sentence. Although the trial court did not expressly state on the record that it was imposing the suspended eight-year prison

sentence, the record clearly reflects that the trial court was imposing a prison sentence, and nothing in the record even suggests the trial court was reinstating Davis to a term of community control sanctions. The context of the remand hearing was to remedy the errors the trial court made, as noted in *Davis I*. Moreover, the trial court, after stating "[o]riginal sentence will be ordered into execution," explained the imposition of postrelease control "upon [Davis's] release from prison." Based on this court's reasoning and analysis in *Davis I*, Davis knew he was receiving the same prison sentence previously imposed, but failed to make any objection challenging the imposition of the prison term, despite his alleged belief on appeal that his "original sentence" was community control sanctions.

{¶12} R.C. 2929.15(B) provides that if a defendant violates the terms and conditions of a community control sanction, the sentencing court may impose either a longer time under the same sanction, a more restrictive sanction, or a term of imprisonment. If a term of imprisonment is imposed, the term "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the" original sentencing hearing. R.C. 2929.15(B)(2).

{¶13} In this case, Davis was originally sentenced to "[$]250 and cost[s], eight years at the Lorain Correctional Institution. Sentence is suspended. You'll be placed on probation for a period of five years." The eight-year prison term was within the statutory limit for a second-degree felony, which Davis pled to, and the trial court advised Davis at

the original sentencing hearing that it was suspending an eight-year prison sentence. Therefore, the requirements of R.C. 2929.15(B)(2) have been satisfied.

{¶14} For Davis to argue on appeal that he was under the impression that the trial court was reinstating his community control sanctions or that the trial court "indicated in open court that it was extending Mr. Davis's community control sanctions" is disingenuous. The record is clear that the trial court intended to impose the suspended eight-year prison sentence for Davis's violation of the terms and conditions of community control. As a matter of semantics, the trial court could have stated "original *suspended* sentence ordered into execution," but, we do not find that manifest injustice occurred to warrant reversal under any analysis — plain error or otherwise. Accordingly, we overrule Davis's assignment of error.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR