[Cite as *State v. Davis*, 2013-Ohio-4905.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99376

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT DAVIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-509762

**BEFORE:** Blackmon, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Guy D. Rutherford
614 W. Superior Avenue
Suite 940
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph J. Ricotta
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Robert Davis ("Davis") appeals the sentence imposed by the trial court and assigns the following error for our review:

> The sentencing court erred and acted contrary to law when it filed a nunc pro tunc judgment entry for purposes other than correcting clerical mistakes as permitted by Rule 36 of the Ohio Criminal Rules of Procedure.

{¶2} Having reviewed the record and pertinent law, we affirm Davis's sentence. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Davis for one count of burglary and one count of aggravated theft. On June 12, 2009, Davis entered a plea to burglary and the theft count was nolled. After obtaining a presentence report, the trial court sentenced Davis to five years of community control. The court ordered that if Davis violated the terms of his community control, the court could impose a sentence of eight years in prison.

{¶4} In August 2009, the trial court conducted a probation violation hearing after Davis had failed two separate drug tests. The trial court terminated his community control and sentenced Davis to eight years in prison. Davis appealed the trial court's decision, and we reversed and remanded the matter because the court failed to afford Davis a probable cause hearing prior to determining he violated his probation. *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2009-Ohio-5126 ("*Davis I*").

{¶5} On remand, the trial court accepted Davis's waiver of his right to have a probation violation hearing and again found him in violation of his probation. At the

July 11, 2011 hearing, the court stated on the record: "[t]he original sentence will be ordered into execution. Sir, upon your release from prison, the Ohio Parole Board will impose a period of postrelease control of three years * * *." No objection was made at the hearing regarding the imposition of a prison sentence nor did Davis assert that his original sentence was community control sanctions and not a term of imprisonment.

{¶6} In its July 26, 2011 sentencing entry, the court imposed sentence in pertinent part as follows: "Sentence ordered into execution. Postrelease control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28." On July 27, 2011, the court entered a nunc pro tunc entry stating in pertinent part: "For clarification as a result of A.P.V., defendant is sentenced to pay a $250.00 fine and court costs and 8 years at LCI."

{¶7} Davis appealed the sentence arguing that the trial court erroneously imposed a prison term of eight years. He contended that at the sentencing hearing, the court imposed his "original sentence," which he contends was five years of community control sanctions. This court affirmed the sentence stating:

> This artfully crafted argument has no merit considering that the record is clear that the trial court was imposing the same sanction it had previously imposed in August 2009 — the suspended eight-year prison sentence. Although the trial court did not expressly state on the record that it was imposing the suspended eight-year prison sentence, the record clearly reflects that the trial court was imposing a prison sentence, and nothing in the record even suggests the trial court was reinstating Davis to a term of community control sanctions. The context of the remand hearing was to remedy the errors the trial court made, as noted in *Davis I*. Moreover, the trial court, after stating "[o]riginal sentence will be ordered into execution," explained the imposition of postrelease control "upon [Davis's] release from prison." Based on this court's reasoning and analysis in *Davis I*, Davis

knew he was receiving the same prison sentence previously imposed, but failed to make any objection challenging the imposition of the prison term, despite his alleged belief on appeal that his "original sentence" was community control sanctions. * * *.

For Davis to argue on appeal that he was under the impression that the trial court was reinstating his community control sanctions or that the trial court "indicated in open court that it was extending Mr. Davis's community control sanctions" is disingenuous. The record is clear that the trial court intended to impose the suspended eight-year prison sentence for Davis's violation of the terms and conditions of community control. As a matter of semantics, the trial court could have stated "original suspended sentence ordered into execution," but, we do not find that manifest injustice occurred to warrant reversal under any analysis — plain error or otherwise.

*State v. Davis*, 8th Dist. Cuyahoga No. 97227, 2012-Ohio-2499, ¶ 11 and 14. ("*Davis II*").

## Nunc Pro Tunc

{¶8} In his sole assigned error, Davis contends the trial court erred by entering the July 27, 2011 nunc pro tunc entry clarifying his sentence because it did not correct a clerical mistake because the court never imposed an eight-year prison term at the sentencing hearing.

{¶9} Res judicata prevents Davis from raising this assigned error. Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal. *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 1995-Ohio-129, 652 N.E.2d 710; *State v. Gillard*, 78 Ohio St.3d 548, 549, 1997-Ohio-183, 679 N.E.2d 276.

{¶10} Davis could have asserted the argument that the trial court erred by entering a nunc pro tunc order to clarify its sentence in *Davis II*, because the journal entry existed

at the time he filed his notice of appeal, and the appeal concerned what the trial court meant by "original sentence" in sentencing Davis.

In *Davis II*, we held that in imposing the "original sentence" the trial court was referring to the eight years in prison that it suspended in favor of community control. Thus, Davis's argument that the nunc pro tunc entry, which clarified that the sentence was eight years in prison, was invalid, would have been an appropriate argument to raise during the prior appeal.

{¶11} Even if res judicata did not apply, we find no error. While courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995). In *Davis II*, we concluded the trial court's ordering the "sentence into execution" referred to the eight-year sentence the court had suspended in favor of community control. Thus, the court's entering a nunc pro tunc entry clarifying the sentence was eight years in prison reflected the sentence actually imposed by the trial court. Accordingly, Davis's sole assigned error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR