[Cite as *State ex rel. Davis v. Saffold*, 2014-Ohio-1954.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100990

## STATE EX REL., ROBERT DAVIS

RELATOR

vs.

## JUDGE SHIRLEY STRICKLAND SAFFOLD

RESPONDENT

### JUDGMENT:
### WRIT DISMISSED

Writ of Mandamus
Motion No. 473062
Order No. 474086

**RELEASE DATE:**     May 6, 2014

**RELATOR**

Robert Davis, pro se
No. A572-537
Grafton Reintegration Center
2500 S. Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} On February 14, 2014, the relator, Robert Davis, commenced this mandamus action to compel the respondent, Judge Shirley Strickland Saffold, to return him to the trial court for execution of sentence in the underlying case, *State v. Davis,* Cuyahoga C.P. No. CR-08-509762-A. On March 12, 2014, the respondent judge moved to dismiss. On March 21, 2014, Davis filed a brief in opposition to the respondent's motion. For the following reasons, this court grants the motion to dismiss and dismisses the application for a writ of mandamus.

{¶2} In the underlying case on July 20, 2009, Davis plead guilty to burglary, and the judge sentenced him to five years of community control sanctions and warned him that violating community control could result in an eight-year prison sentence. On August 27, 2009, the judge found that Davis had violated community control and imposed the eight-year sentence. On appeal, this court ruled that the trial court had not properly revoked the community control sanctions and reversed and remanded for further proceedings. *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126 ("*Davis I*").

{¶3} On July 26, 2011, the trial court ordered Davis's original sentence into execution, but did not explicitly say an eight-year prison sentence. The next day, the trial judge issued a nunc pro tunc entry clarifying that as a result of Davis's violation, he is sentenced to eight years in prison. On appeal, Davis argued that the trial court erroneously imposed an eight-year prison term, because the trial judge did not explicitly state eight years. This court rejected the argument because it was clear that the judge

was imposing the same sentence it had imposed in August 2009. *State v. Davis*, 8th Dist. Cuyahoga No. 97227, 2012-Ohio-2499 ("*Davis II*").

{¶4} This court granted Davis a delayed appeal to contest the July 27, 2011 nunc pro tunc order. Davis argued that the July 27, 2011 order was an improper use of nunc pro tunc because the trial judge never imposed an eight-year prison sentence. This court ruled that Davis's argument was barred by res judicata; he could have and should have raised this issue in *Davis II*. Furthermore, it was clear that the judge was properly imposing an eight-year sentence. This court concluded with the standard language: "It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution." *State v Davis*, 8th Dist. Cuyahoga No. 99376, 2013-Ohio-4905 (*"Davis III"*).

{¶5} Davis seizes upon this standard language and now demands that he be brought back to the trial court so that the sentence, can be executed. However, Davis is already in prison serving the subject sentence, and the judgment has been carried into execution. Returning him to the trial court for a pointless exercise would be elevating form over substance.

{¶6} Moreover, in *State ex rel. Davis v. Saffold*, 8th Dist. Cuyahoga No. 100742, 2014-Ohio-307 (*"Davis IV"*), Davis raised this same issue that the trial court had to bring him back to court for execution of sentence. This court denied the application for a writ because the "appeal was not remanded to Judge Saffold for any further proceedings or for

entry of any additional judgments." *Id.* at ¶3. Thus, the judge has no duty to bring Davis back for execution of sentence, and mandamus will not lie.[1]

{¶7} Accordingly, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus. Relator to pay cost. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writ dismissed.

---

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[1]The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).