The State ex rel. Davis, Appellant, v. Saffold, Judge, Appellee.

[Cite as *State ex rel. Davis v. Saffold*, 143
Ohio St.3d 475, 2015-Ohio-1517.]

(No. 2014–0854—Submitted January 13, 2015—Decided April 23, 2015.)

Per Curiam.

{¶ 1} Appellant, Robert Davis, appeals the decision of the Eighth District Court of Appeals dismissing his petition for a writ of mandamus. For the reasons set forth below, we affirm the judgment of the court of appeals.

*Background*

{¶ 2} On July 20, 2009, after Davis pleaded guilty to burglary, appellee, Judge Shirley Strickland Saffold, sentenced him to five years of community control and warned him that a violation of community control would result in an eight-year prison sentence. *State v. Davis*, Cuyahoga C.P. No. CR–08–509762–A.

{¶ 3} The next month, Judge Saffold found Davis in violation of the terms of his release and imposed the eight-year sentence. The court of appeals reversed, holding that Davis was not afforded his due-process rights at the hearing, and remanded the case for a new revocation hearing. *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, 2010 WL 4149254 (*"Davis I"*).

{¶ 4} In July 2011, Judge Saffold again found Davis in violation of the terms of community control and ordered the sentence into execution. She did not expressly state that the "sentence" referred to an eight-year prison term. The next day, a nunc pro tunc entry was issued clarifying her intent to sentence Davis to prison for eight years.

{¶ 5} Davis appealed again, arguing that his "original sentence" was five years of community control. The court of appeals rejected this argument. *State v. Davis*, 8th Dist. Cuyahoga No. 97227, 2012-Ohio-2499, 2012 WL 2045855, ¶ 11 (*"Davis II"*) (holding that "the record is clear that the trial court was imposing the same sanction it had previously imposed in August 2009—the suspended eight-year prison sentence").

{¶ 6} Davis also appealed from the nunc pro tunc entry. He argued that the nunc pro tunc entry was improper because it did not correct a clerical error;

rather, it changed his sentence from community-control sanctions to a prison term. The court of appeals rejected his appeal based on res judicata and also on the merits. *State v. Davis*, 8th Dist. Cuyahoga No. 99376, 2013-Ohio-4905, 2013 WL 5970203 ("*Davis III*").

{¶ 7} Davis then filed an original action in the Eighth District Court of Appeals for a writ of procedendo against Judge Saffold, seeking to compel her to proceed to judgment upon the court of appeals' remand for execution of sentence. The Eighth District Court of Appeals granted summary judgment in favor of Judge Saffold, stating that Davis's appeal had not been remanded for any further proceedings or for the entry of any additional judgments. *State ex rel. Davis v. Saffold*, 8th Dist. Cuyahoga No. 100742, 2014-Ohio-307, 2014 WL 346770, ¶ 3.

{¶ 8} Two weeks later, on February 13, 2014, Davis commenced the present action for a writ of mandamus in the Eighth District. The court of appeals dismissed the petition. Davis timely appealed.

*Legal analysis*

{¶ 9} Davis claims that he is entitled to a writ of mandamus to compel Judge Saffold to place him on community control or resentence him because a valid journal entry of sentencing has never been entered in his case. He attacks the validity of the nunc pro tunc sentencing order for three reasons.

{¶ 10} First, he argues that after Judge Saffold found that he had violated community control, the sentence she imposed did not include a prison term. He argues that a nunc pro tunc entry cannot be used to change his sentence to a stated prison term. The Eighth District Court of Appeals has already rejected this argument in Davis's appeal from the nunc pro tunc entry. *Davis III*, 2013-Ohio-4905, 2013 WL 5970203, ¶ 11. Thus, it is barred by res judicata.

{¶ 11} Next, he argues that the nunc pro tunc entry is void because it was signed by the administrative judge, not by Judge Saffold. This claim, too, is barred by res judicata, because Davis could have raised it in *Davis III*. Moreover, the argument fails on its merits. Signing a judgment entry of conviction is a ministerial act that does not require a formal reassignment of judges, when the assigned judge has already imposed sentence and the entry correctly reflects that sentence and the assigned judge's name. *State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057, ¶ 9.

{¶ 12} Finally, Davis argues that the nunc pro tunc entry violates the "one document" rule of Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.2d 197, 2008-Ohio-3330, 893 N.E.2d 163. However, even if the sentencing entry did violate Crim.R. 32(C), the remedy would be a revised sentencing entry, not a new sentencing hearing. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 18. Davis is specifically seeking a new sentencing

hearing, to which he is not entitled. Moreover, issuing a new sentencing order would be a vain act, given that Davis was able to appeal his conviction (albeit unsuccessfully). Thus, he has not demonstrated a legal right to a writ of mandamus.

{¶ 13} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Robert Davis, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.