[Cite as *State v. Mitchell*, 2020-Ohio-3417.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0105** |
| JAMES E. MITCHELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 1993 CR 0294.

Judgment: Affirmed in part, reversed in part, and remanded for the issuance of nunc pro tunc entries.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James E. Mitchell*, pro se, #A293-032, Marion Correctional Institution, 940 Marion Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James E. Mitchell ("Mr. Mitchell"), appeals the judgment of the Portage County Court of Common Pleas denying his combined motions to correct a journal entry, for resentencing pursuant to Crim.R. 43(A), and for a final appealable order pursuant to Crim.R. 32(C) and R.C. 2505.02, and denying his motion for a corrected sentencing entry.

{¶2} Mr. Mitchell contends that the trial court erred by denying his motions.

{¶3} First, he argues that he is entitled to a corrected journal entry memorializing his guilty pleas because it incorrectly references an amended indictment and cites the incorrect statutory subsection of gross sexual imposition under R.C. 2907.05.

{¶4} Second, he argues that he is entitled to a corrected sentencing entry because it also incorrectly references an amended indictment.

{¶5} Third, he argues that the sentencing entry does not constitute a final appealable order pursuant to Crim.R. 32(C) because it does not state the fact of conviction or describe the sentence and leaves unresolved the indicted charges of rape and aggravated burglary.

{¶6} Finally, he argues that the sentencing entry is void because the trial court's references to an amended indictment constitute a modification of his sentence for which he was not present as required by Crim.R. 43(A).

{¶7} After a careful review of the record and the pertinent law, we find as follows:

{¶8} First, the trial court did not err by denying Mr. Mitchell's motion for resentencing. A trial court's errors under Crim.R. 43(A) do not create a void sentence. Further, Mr. Mitchell's arguments are barred by the doctrine of res judicata. Even if Mr. Mitchell's arguments were not barred, the trial court's references to an amended indictment did not constitute an amendment of his sentences because they did not affect his prison sentences in any way.

{¶9} Second, the trial court did not err by denying Mr. Mitchell's motion for a corrected sentencing order to the extent he sought a "final appealable order" or by denying his motion for a final appealable order. The trial court lacked jurisdiction to consider Mr. Mitchell's motions, which we construe as successive petitions for

2

postconviction relief pursuant to R.C. 2953.21.  Further, Mr. Mitchell's arguments would be barred by the doctrines of res judicata and the law of the case.

{¶10}  Finally, the trial court erred by denying both Mr. Mitchell's motion to correct the journal entry memorializing his guilty pleas and his motion for a corrected sentencing order to the extent he sought correction of clerical mistakes under Crim.R. 36.

{¶11}  Thus, we affirm in part, reverse in part, and remand to the trial court to issue proper nunc pro tunc entries.

### Substantive and Procedural History

{¶12}  This is Mr. Mitchell's fourth appeal to this court regarding his convictions from 1994.

{¶13}  In 1993, the Portage County Grand Jury indicted Mr. Mitchell for rape in violation of R.C. 2907.02(A)(2) and (B), an aggravated felony of the first degree, and aggravated burglary in violation of R.C. 2911.11(A)(1)(3) and (B), an aggravated felony of the first degree.  Mr. Mitchell initially pleaded not guilty to the charges.

{¶14}  In 1994, Mr. Mitchell entered written and oral pleas of guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and burglary in violation of R.C. 2911.12(A)(1), an aggravated felony of the second degree.  The trial court accepted Mr. Mitchell's guilty pleas and referred the matter for a presentence investigation and report.  The trial court issued a journal entry that memorialized Mr. Mitchell's guilty pleas.

{¶15}  Prior to sentencing, Mr. Mitchell moved to withdraw his guilty pleas.  The trial court held a hearing and denied the motion.

3

{¶16} The trial court subsequently sentenced Mr. Mitchell to three to 15 years in prison for burglary and two years in prison for gross sexual imposition and ordered the sentences to be served concurrently. The trial court issued a judgment entry memorializing Mr. Mitchell's sentences.

{¶17} Mr. Mitchell filed an appeal of the trial court's denial of his presentence motion to withdraw his guilty plea. This court affirmed the trial court's judgment in *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830 (June 23, 1995) ("*Mitchell I*").

{¶18} In 2016 and 2017, over twenty years after his convictions, Mr. Mitchell filed several pro se postconviction motions, all of which the trial court denied. Mr. Mitchell appealed, and this court affirmed the trial court's judgments in *State v. Mitchell*, 11th Dist. Portage Nos. 2017-P-0007 & 2017-P-0009, 2017-Ohio-8440, *appeal not accepted*, 152 Ohio St.3d 1445, 2018-Ohio-1600 ("*Mitchell II*").

{¶19} In 2018, Mr. Mitchell filed a pro se motion to dismiss his indictment, which the trial court denied. Mr. Mitchell appealed, and this court affirmed the trial court's judgment in *State v. Mitchell*, 11th Dist. Portage No. 2018-P-0047, 2019-Ohio-844, *appeal not accepted*, 156 Ohio St.3d 1445, 2019-Ohio-2498 ("*Mitchell III*").

{¶20} In April 2019, Mr. Mitchell filed three combined pro se motions. In a "motion to correct journal entry," Mr. Mitchell contended that the trial court's journal entry memorializing his guilty pleas incorrectly states that he entered guilty pleas to "an amended indictment" and cites the incorrect subsection of gross sexual imposition under R.C. 2907.05. Mr. Mitchell requested the issuance of a corrected journal entry.

4

{¶21} In a "motion for re-sentencing pursuant to Crim.R. 43(A)," Mr. Mitchell argued that the trial court violated Crim.R. 43(A), which requires a defendant's physical presence at every stage of the proceedings, by issuing a sentencing entry that states Mr. Mitchell was sentenced for offenses "as amended" in the indictment. Mr. Mitchell contends that the trial court modified his sentence outside his presence, making his sentencing entry void. He requested to be resentenced.

{¶22} In a "motion for a final appealable order pursuant to Crim.R. 32(C) and R.C. 2505.02," Mr. Mitchell argued that the sentencing entry is a not a final appealable order because the indicted charges of rape and aggravated burglary were not resolved. He requested a resentencing hearing.

{¶23} In July 2019, Mr. Mitchell filed a pro se "motion for corrected sentencing entry." Mr. Mitchell contended that the trial court's sentencing entry incorrectly states that he was sentenced for offenses "as amended" in the indictment. Further, Mr. Mitchell argued that the sentencing entry does not comply with Crim.R. 32(C) because it does not set forth the fact of conviction. Therefore, Mr. Mitchell asserted that the sentencing entry does not constitute a final appealable order. Mr. Mitchell requested a corrected sentencing entry and a hearing to resolve the charges of rape and aggravated burglary.

{¶24} In August 2019, the trial court issued a judgment entry denying all of Mr. Mitchell's motions. Mr. Mitchell filed a notice of appeal and a motion for leave to file a delayed appeal, which this court granted.

{¶25} Mr. Mitchell asserts the following four assignments of error:

{¶26} "[1.] The trial court erred in denying appellant's Motion to Correct Journal Entry.

5

{¶27} "[2.] The trial court erred in denying appellant[']s Motion for a Corrected Sentencing Entry.

{¶28} "[3.] The trial court erred in denying appellant's Motion for a Final Appealable Order.

{¶29} "[4.] The trial court erred [in] denying appellant's Motion for Resentencing pursuant to Crim. R. 43(A)."

{¶30} We address Mr. Mitchell's assignments of error out of order and collectively for ease of discussion.

### Void Sentence

{¶31} We first address Mr. Mitchell's fourth assignment of error, where he challenges the trial court's denial of his motion for resentencing. Mr. Mitchell contends that the trial court violated Crim.R. 43(A), which rendered the sentencing entry void.

### *Crim.R. 43(A)*

{¶32} Crim.R. 43(A)(1) provides, in relevant part, that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence, except as otherwise provided by these rules." Courts have found that the trial court violates Crim.R. 43(A) when its sentencing entry differs from the sentence that it announced at the sentencing hearing in the defendant's presence. *See, e.g., State v. Kovach*, 7th Dist. Mahoning No. 08-MA-125, 2009-Ohio-2892, ¶28; *State v. Jordan*, 10th Dist. Franklin No. 05AP-1330, 2006-Ohio-5208, ¶48; *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶10.

{¶33} Mr. Mitchell was originally indicted on charges of aggravated burglary and rape, but he subsequently pleaded guilty to the offenses of burglary and gross sexual

6

imposition. The record does not reflect that the indictment was amended. However, the trial court's sentencing entry states that Mr. Mitchell was sentenced for "the offense of 'Burglary' as amended in Count Two of the Indictment" and "the offense of 'Gross Sexual Imposition', as amended in Count One of the Indictment." Mr. Mitchell argues that this constituted a modification of his sentence outside his presence, making his sentencing entry void.

### *Trial Court Jurisdiction*

{¶34} We first determine whether the trial court had jurisdiction to consider Mr. Mitchell's motion for resentencing. Whether a court has subject matter jurisdiction is a question of law that we review de novo. (Citations omitted.) *Smith v. Dietelbach*, 11th Dist. Trumbull No. 2011-T-0007, 2011-Ohio-4308, ¶14.

{¶35} A trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed, and (2) when the judgment contains a clerical error. (Citation omitted.) *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶14. A trial court may also address petitions for postconviction relief to claiming the denial or infringement of constitutional rights. *See* R.C. 2953.21(A)(1)(a). We construe Mr. Mitchell's motion for resentencing as implicating the trial court's inherent authority to vacate a void judgment. *See State v. Platt*, 11th Dist. Portage No. 2012-P-0046, 2012-Ohio-5443, ¶15.

{¶36} The state argues that Mr. Mitchell cannot be resentenced because he has served his prison sentences in the underlying case.

{¶37} The trial court sentenced Mr. Mitchell in 1994 to concurrent prison terms of two years for gross sexual imposition and three to 15 years for burglary. Thus, it appears

7

Mr. Mitchell completed his prison sentences for his underlying offenses several years ago. Although Mr. Mitchell remains incarcerated, it further appears he is currently serving prison sentences for unrelated convictions in Summit County. *See State v. Mitchell*, 9th Dist. Summit No. 17029, 1995 WL 678624 (Nov. 15, 1995) (affirming Mr. Mitchell's convictions for two counts of aggravated burglary, two counts of kidnapping, rape, two counts of attempted rape, and felonious assault).

{¶38} In support of its argument, the state cites *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014. In *Holdcroft*, the offender was sentenced to a ten-year prison sentence for aggravated arson and to another five years for arson, to be served consecutively. *Id.* at ¶2. The trial court imposed postrelease control but did not state how long the sanction would be imposed, or to which sentence it applied. *Id.* The offender served over ten years in prison before the trial court held a new sentencing hearing to correct its error. *Id.* at ¶3.

{¶39} The Supreme Court of Ohio held that "[a] trial court does not have authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.* at ¶18. According to the court, "while a void sanction may be modified, a valid sanction generally cannot." *Id.* at ¶14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶17. However, "once a valid prison sanction has been served, * * * the court has lost jurisdiction to modify the sentence." *Id.*, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶28-30.

{¶40} We find the present case is distinguishable from *Holdcroft*, as it does not involve the imposition of postrelease control. In addition, Mr. Mitchell is challenging his

entire sentence as void, not a portion, so he has not conceded the validity of his prison sentences.

{¶41} Further, Mr. Mitchell was sentenced prior to the General Assembly's enactment of Ohio's postrelease control statute. Under that system, the Tenth District has held that criminal jurisdiction ends "upon the defendant's release from incarceration, probation or parole, whichever event occurs last." *See State v. Nye*, 10th Dist. Franklin No. 95APA11-1490, 1996 WL 303675, *3 (June 4, 1996). Unless the Adult Parole Authority has issued a certificate of final release, an offender remains incarcerated pursuant to the jurisdiction of the sentencing court. *Hylton v. McAninch*, 4th Dist. Ross No. 95 CA 2115, 1995 WL 766372, *3 (Dec. 28, 1995).

{¶42} The record before us does not reflect the issuance of a certificate final release with respect to the underlying convictions. Therefore, we cannot say the trial court lacked jurisdiction to consider Mr. Mitchell's motion for resentencing.

### *Analysis*

{¶43} Mr. Mitchell's assertion that his sentencing entry is void raises a question of law that we review de novo. *See State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶5; *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶8 ("[A]n appellate court's standard of review on the denial of a motion to vacate void judgment is de novo").

{¶44} The Supreme Court of Ohio has determined that a trial court's violation of Crim.R. 43(A) does not create a void sentence. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶22 (involving a sentencing entry that included an imposition of court

9

costs where the trial court failed to orally notify the defendant at the sentencing hearing); *State v. Tichaona*, 11th Dist. Portage No. 2010-P-0090, 2011-Ohio-6001, ¶49-53 (same).

{¶45} Most recently, the Supreme Court of Ohio has revisited its prior void-sentence jurisprudence and held that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶42.

{¶46} Since Mr. Mitchell's sentence is not void, his arguments are subject to res judicata. *State v. Walker*, 5th Dist. Richland No. 15CA104, 2016-Ohio-1462, ¶20 ("Unlike void sentences, voidable sentences are not reviewable at any time and are subject to res judicata"). The Supreme Court of Ohio has held that "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." (Emphasis deleted.) *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).

{¶47} Mr. Mitchell could have raised this argument on direct appeal. Instead, in *Mitchell I*, Mr. Mitchell chose to appeal only the trial court's denial of his presentence motion to withdraw his guilty pleas.

{¶48} Even if Mr. Mitchell's arguments were not barred by the doctrine of res judicata, the trial court's references to an amended indictment in the sentencing entry did not constitute a modification of Mr. Mitchell's sentence that required his presence under Crim.R. 43(A). In *State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, the defendant argued that the trial court violated Crim.R. 43(A) when it issued a

sentencing entry outside of his presence that vacated his postrelease control sanction. *Id.* at ¶5, 7. The Supreme Court of Ohio held that a trial court was only required to hold a de novo resentencing hearing if it *added* a punishment in the sentencing entry. (Emphasis added.) *Id.* at ¶9-10.

{¶49} The cases Mr. Mitchell cites are distinguishable because they involve sentencing entries that altered terms of the defendants' punishments. *See Kovach* at ¶29 (involving prison sentences set forth in an amended entry that were not the same as the prison sentences imposed at the sentencing hearing); *Jordan* at ¶49 (involving a sentencing entry containing consecutive sentences that were not imposed during the sentencing hearing).

{¶50} Here, the trial court's references to an amended indictment in the sentencing entry did not add punishment or alter Mr. Mitchell's prison sentences in any respect. Rather, they appear to be clerical mistakes amenable to a corrective entry under Crim.R. 36. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶19 ("The term 'clerical mistake' refers to 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment'").

{¶51} In fact, Mr. Mitchell acknowledged as much by filing a separate motion seeking the correction of these errors. We address the trial court's denial of this separate motion below in our discussions of Mr. Mitchell's second assignment of error.

{¶52} Accordingly, the trial court did not err in denying Mr. Mitchell's motion for resentencing.

{¶53} Mr. Mitchell's fourth assignment of error is without merit.

11

**Final Appealable Order**

{¶54} Mr. Mitchell's second and third assignments of error are interrelated, so we address them together.

{¶55} Mr. Mitchell's second assignment of error challenges the trial court's denial of his motion for a corrected sentencing entry. Within this assignment of error, Mr. Mitchell contends that the sentencing entry is not a final appealable order. His third assignment of error challenges the trial court's denial of his motion for a final appealable order.

### Crim.R. 32(C)

{¶56} The Supreme Court of Ohio has held that to constitute a final appealable order under R.C. 2505.02, a judgment of conviction under Crim.R. 32(C) must contain: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. The purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run. (Citation omitted.) *Id.* at ¶10.

{¶57} Mr. Mitchell contends that his sentencing entry violates Crim.R. 32(C) because it does not state the fact of conviction, "describe the sentence issued by the trial court," or resolve the indicted charges of rape and aggravated burglary. Mr. Mitchell requests that the trial court issue a sentencing entry that complies with Crim.R. 32(C). Following the issuance of this "final appealable order," it appears Mr. Mitchell intends to appeal his convictions and sentences anew.

{¶58} As the state notes, there was no subsection (C) in Crim.R. 32 when Mr. Mitchell was convicted and sentenced. At that time, Crim.R. 32(B) provided, in relevant

12

part, that "[a] judgment of conviction shall set forth the plea, the verdict or findings and sentence." *See State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶17, fn. 2 (quoting former Crim.R. 32(B)). Thus, Mr. Mitchell's arguments implicate the requirements of former Crim.R. 32(B), which are now set forth in Crim.R. 32(C).

### *Trial Court Jurisdiction*

{¶59} Mr. Mitchell did not identify the procedural mechanism pursuant to which he sought a "final appealable order" from the trial court.

{¶60} Mr. Mitchell did not assert that the trial court's alleged Crim.R. 32(C) errors rendered the sentencing entry void. According to the Supreme Court of Ohio, "the technical failure to comply with Crim.R. 32(C) * * * is not a violation of a statutorily mandated term, so it does not render the judgment a nullity." (Emphasis deleted.) *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶19. The court has "consistently regarded Crim.R. 32(C) errors as clerical mistakes subject to nunc pro tunc correction." *Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, ¶10; *see Burge* at ¶17-18; *State ex rel. Davis v. Saffold*, 143 Ohio St.3d 475, 2015-Ohio-1517, ¶12. Thus, the court has held that "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *Snead* at ¶12, quoting *Burge* at ¶18.

{¶61} In his reply brief, Mr. Mitchell suggests that his requests were petitions for postconviction relief pursuant to R.C. 2953.21. A postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). The right to file a postconviction petition is a statutory right, not a constitutional right. *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶28. A postconviction petitioner therefore "receives no more rights than those

13

granted by the statute." *Calhoun* at 281. This means that any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly, including the right to have one's claim heard at all. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶35-36.

{¶62} A petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of a postconviction petition. *Id.* at ¶36. Whether a court of common pleas possesses subject-matter jurisdiction to entertain a petition for postconviction relief is a question of law which appellate courts review de novo. *Id.* at ¶24.

{¶63} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable *under the Ohio Constitution or the Constitution of the United States*, * * * may file a petition in the court that imposed sentence, stating the grounds for the relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." (Emphasis added.)

{¶64} A petition for postconviction relief is not a panacea for every perceived ill endured at the trial court level. *State v. Edwards*, 4th Dist. Ross No. 14CA3474, 2015-Ohio-3039, ¶8. The statute expressly states that a petition for postconviction relief exists to address constitutional problems. *Id.*; R.C. 2953.21(A)(1)(a). Thus, postconviction relief is not available as a vehicle to raise non-constitutional issues. *State v. Harman*, 7th Dist. Mahoning No. 98 CA 34, 1999 WL 1138558, *1 (Dec. 7, 1999), citing *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981) (holding that alleged non-constitutional violations may not be

14

raised in a postconviction relief petition); *Edwards* at ¶8 ("Many procedural errors and non-constitutional substantive errors are not reviewable under R.C. 2953.21").

{¶65} In addition, Mr. Mitchell has filed numerous postconviction motions beginning in 2016. *See Mitchell II* and *Mitchell III*. Pursuant to R.C. 2953.21(A)(4), a petitioner waives all grounds for relief not stated in his or her original petition except as provided in R.C. 2953.23. As we noted in *Mitchell III*, "a trial court is not permitted to consider a second or successive petition for postconviction relief unless both of the following apply: (1) the petitioner shows he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense for which he was convicted." *Id.* at ¶13; R.C. 2953.23(A)(1)(a) and (b).

{¶66} Mr. Mitchell made no attempt to show he meets these requirements, and it appears he cannot meet them. Postconviction relief is appropriate only when it concerns errors based upon facts and evidence dehors, i.e., outside, the record. *Harman* at *1, citing *State v. Cole*, 2 Ohio St.3d 112, 114 (1982). An appellant may not raise claims in his petition for postconviction relief that are based on alleged errors that solely occurred on the record. *Id.* And since Mr. Mitchell pleaded guilty, he cannot meet the requirements of R.C. 2953.23(A)(1)(b). *Mitchell III* at ¶14.

{¶67} Accordingly, the trial court did not err in denying Mr. Mitchell's requests for a "final appealable order" because it was without jurisdiction to consider them.

### Res Judicata and the Law of the Case

{¶68} Even if the trial court had jurisdiction to consider Mr. Mitchell's requests for a "final appealable order," he cannot prevail.

{¶69} We review a trial court's decision granting or denying a petition for postconviction relief filed pursuant to R.C. 2953.21 for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶58. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶70} Mr. Mitchell's arguments are barred by the doctrine of res judicata. Mr. Mitchell could have raised arguments regarding his sentencing entry on direct appeal, which would have been the proper time and vehicle. *See State v. Grenter*, 11th Dist. Ashtabula No. 2011-A-0013, 2011-Ohio-6003, ¶12. Instead, in *Mitchell I*, Mr. Mitchell chose to appeal only the trial court's denial of his presentence motion to withdraw his guilty pleas. He may not now find his way into court through a side entrance with what appear to be pre-textual motions filed for the purpose of appealing his convictions and sentences anew. *See Grenter* at ¶12.

{¶71} Mr. Mitchell argues that res judicata is inapplicable because the sentencing entry was not a final appealable order. Therefore, he contends that he could not have filed a direct appeal and that his prior requests for postconviction relief were premature. However, the Supreme Court of Ohio has expressly rejected this argument, finding that res judicata applies when a prior appeal was litigated under an allegedly voidable

16

sentencing entry. *See Fischer*, *supra*, at ¶39 ("The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error").

{¶72} Mr. Mitchell's arguments are also barred by doctrine of the law of the case. Under this doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). This doctrine ensures the consistency of results in a case and avoids endless litigation by settling the issues. *Id.* It precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05 (1996).

{¶73} We previously affirmed the trial court's judgments denying Mr. Mitchell's presentence and post-sentence motions to withdraw his guilty pleas and denying his multiple postconviction motions. *See Mitchell I* at *3; *Mitchell II* at ¶20, 35; *Mitchel III* at ¶14-15. Thus, both Mr. Mitchell and this court have always proceeded under the presumption that the sentencing entry was a final appealable order. *See Mitchel I* at *1 ("This is an accelerated calendar appeal, emanating from a final judgment of the Portage County Court of Common Pleas"*); see also State v. I'Juju*, 10th Dist. Franklin No. 15AP-692, 2016-Ohio-3078, ¶10 ("[B]y reviewing and affirming the trial court's judgment * * *, this court implicitly found the trial court's judgment was a final appealable order, and the doctrine of law of the case would preclude both the trial court and this court from concluding it was not a final appealable order").

{¶74} As to Mr. Mitchell's contention that there are unresolved charges of rape and aggravated burglary, he previously made this argument in *Mitchell III* in the context

17

of an alleged violation of his speedy trial rights. *See id.* at ¶20. We held that when Mr. Mitchell pleaded guilty to lesser charges of gross sexual imposition and burglary, he "could not be called on to account further on any charges regarding the incident." *See id.* at ¶21. Thus, the law of the case is that there are no charges pending against Mr. Mitchell.

{¶75} Accordingly, the trial court did not abuse its discretion in denying Mr. Mitchell's requests for a "final appealable order" because his arguments are barred by the doctrines of res judicata and law of the case.

{¶76} The discussed portion of Mr. Mitchell's second assignment of error and his third assignment of error are without merit.

**Nunc Pro Tunc Entries**

{¶77} Finally, we address Mr. Mitchell's first assignment of error and the remaining portion of his second assignment of error.

{¶78} In his first assignment of error, Mr. Mitchell challenges the trial court's denial of his motion to correct the journal entry memorializing his guilty pleas. Mr. Mitchell contends that the plea entry incorrectly states that he pleaded guilty to an "amended indictment" and cites the wrong statutory subsection for gross sexual imposition. Within his second assignment of error, Mr. Mitchell contends that the sentencing entry also incorrectly references an amended indictment.

{¶79} Mr. Mitchell requests that the trial court issue corrected entries. The state concedes that Mr. Mitchell is entitled to have any clerical errors corrected via a nunc pro tunc entry.

18

### Crim.R. 36

{¶80} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶81} According to the Supreme Court of Ohio, "courts possess the authority to correct errors in judgment entries so that the record speaks the truth." *Lester, supra*, at ¶18, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-64 (1995). "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Id.*, citing *Miller, supra*, at ¶15. "Nunc pro tunc entries are used to reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." (Citations omitted.) *Id.*, citing *Miller* at ¶15; *Fogle* at 164; *See also State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 & 101115, 2014-Ohio-3909, ¶16 ("The trial court could not nunc what it did not first tunc").

### Trial Court Jurisdiction

{¶82} While Crim.R. 36 permits correct of judgment entries "at any time," Crim.R. 1(A) contains a limitation by providing that "[t]hese rules prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction." *See Nye*, supra, at *3; *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶18 ("[S]o long as the court retains criminal jurisdiction over a defendant, the court may correct journal entries using a proper nunc pro tunc entry"). Since the record before us does not reflect the issuance of a certificate of final release with respect to the underlying convictions, it appears the trial court has jurisdiction to issue nunc pro tunc entries.

### Standard of Review

{¶83} Crim.R. 36 contains permissive language, stating that a trial court "may" correct clerical mistakes, which suggests that the issuance of a nunc pro tunc entry is within a trial court's discretion. *See* Painter & Pollis, *Ohio Appellate Practice*, Appendix G. (Oct.2019 Update) ("The abuse-of-discretion standard is ubiquitous: it applies to any trial-court order that involves the trial court's discretion, including statutes and rules that use permissive ('may'), rather than obligatory ('shall'), language"). The Supreme Court of Ohio has held that "entering an incorrect journal entry is a clear abuse of discretion." *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 120 (1990). Therefore, we review the court's judgments for abuse of discretion.

### Crim.R. 36 Analysis

{¶84} A review of the record reflects that the plea and sentencing entries both contain clerical mistakes pursuant to Crim.R. 36.

{¶85} First, Mr. Mitchell did not plead guilty to, nor was he sentenced for, offenses set forth in an "amended indictment." Rather, Mr. Mitchell pleaded guilty to and was sentenced for the lesser offenses of gross sexual imposition (as opposed to the indicted charge of rape) and burglary (as opposed to the indicted charge of aggravated burglary).

{¶86} Second, Mr. Mitchell pleaded guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4) rather than R.C. 2907.05(A)(1).

{¶87} Third, the sentencing entry does not contain the fact of his conviction as required by Crim.R. 32(C). Rather, the trial court's acceptance of his guilty pleas is memorialized in the journal entry relating to the plea hearing.

{¶88} As indicated, the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run. *Lester* at ¶10. Mr. Mitchell's initial appeal in *Mitchell I* and his previous postconviction motions demonstrate he received sufficient notice of the finality of the sentencing entry. *See Davis, supra*, at ¶12 ("[I]ssuing a new sentencing order would be a vain act, given that [the defendant] was able to appeal his conviction (albeit unsuccessfully)"). In the interest of having the record reflect the truth, however, we conclude that nunc pro tunc entries are appropriate in this case. *See Worcester* at 118 ("[I]t is imperative that the court's journal reflect the truth").

{¶89} Accordingly, we find the trial court erred by denying Mr. Mitchell's motion to correct the journal entry and by denying his motion for a corrected sentencing entry to the extent Mr. Mitchell sought correction of clerical errors.

{¶90} Pursuant to Crim.R. 36, we remand to the trial court to issue a nunc pro tunc journal entry memorializing Mr. Mitchell's guilty pleas that (1) deletes the reference to "the amended Indictment," and (2) replaces the citation to "R.C. 2907.05(A)(1)" with "R.C. 2907.05(A)(4)."

{¶91} The trial court shall also issue a nunc pro tunc sentencing entry that (1) states Mr. Mitchell was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and burglary in violation of R.C. 2911.12(A)(1), an aggravated felony of the second degree, as a result of his written plea of guilty to those offenses, and (2) deletes the phrases "as amended in Count Two of the Indictment" and "as amended in Count One of the Indictment."

{¶92} We emphasize that the trial court's issuance of proper nunc pro tunc entries will not create new final orders from which new appeals may be taken. A nunc pro tunc entry does not affect substantive rights. *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 144 Ohio St.3d 1481, 2016-Ohio-465, ¶9. "Nunc pro tunc" means "now for then" and is commonly defined as "[h]aving retroactive legal effect through a court's inherent power." *Lester* at ¶19, quoting *Black's Law Dictionary* 1174 (9th Ed.2009). Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. *Id.* It is not a new final order from which a new appeal may be taken. *Id.* at paragraph two of the syllabus.

{¶93} Mr. Mitchell's first assignment of error and the remaining portion of his second assignment of error have merit.

**Conclusion**

{¶94} In sum, the trial court did not err by (1) denying Mr. Mitchell's motion for resentencing pursuant to Crim.R. 43(A), (2) denying his motion for a corrected sentencing order to the extent he sought a "final appealable order" and (3) denying his motion for a final appealable order.

{¶95} The trial court did err by (1) denying Mr. Mitchell's motion to correct the journal entry memorializing his guilty pleas, and (2) denying his motion for a corrected sentencing order to the extent he sought correction of clerical mistakes under Crim.R. 36.

{¶96} Therefore, we remand this matter to the trial court to issue proper nunc pro tunc entries as described above.

{¶97} Based on the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for the issuance of proper nunc pro tunc entries.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.